Nicholas C. RICUCCI

v.

The UNITED STATES.

No. 209–67.

United States Court of Claims.

Oct. 16, 1970.

John I. Heise, Jr., Washington, D. C., attorney of record, for plaintiff; Leonard J. Meiselman, Mineola, N. Y., of counsel.

Judith A. Yannello, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR RECONSIDERATION

PER CURIAM:

Our original decision, 425 F.2d 1252, 192 Ct.Cl. 1 (1970), held that the plaintiff was dismissed illegally from his position as Revenue Agent, GS–11, because he was not accorded the opportunity for "oral reply" the regulation contemplated. The motion for reconsideration says that we went off on grounds not urged by the parties either before the Civil Service Commission or before us.

It is true we did not adopt plaintiff's interpretation of the regulation lan-

guage, either with respect to the requirement that the person who received the oral reply be a "superior" or to the alleged necessity that all the evidence against the accused employee be divulged to him before he makes his "oral reply." On both points, our position may, we think, fairly be called a "lesser included" position within plaintiff's. Thus to hold with plaintiff that the "superior" must be one organizationally above the accused in the chain of command would have excluded such logical choices for "oral reply officer" as the personnel officer of the District, who of course is a staff and not a line aide of the Director. Nor did we think the regulation contemplated a full discovery before the employee, who presumably had received charges with full specifics, had even decided whether to deny them. We withheld a full endorsement of plaintiff's position for the protection of defendant, and therefore we do not think defendant has a right to complain.

█ The regulation and Manual are both cryptic as to what is to be accomplished by the "oral reply." Courts have concluded, rather by deduction than from express language, that the procedure is meant to be a meaningful protection for the employee, and that to be meaningful it has to have certain attributes. See our decision, *supra*, and cases cited therein. One of these attributes concerns the choice of the "oral reply officer" in light of the prescription that he be a "superior" and have authority to recommend a decision in the premises. The authors of these requirements could not have intended the "oral reply" to be downgraded and rendered meaningless, but this would be accomplished if the designated "oral reply officer" was some uninformed and incompetent person, whose recommendation, if made at all, would be filed and forgotten. The deciding officer would comply if he heard the "oral reply" himself or designated a member of the regular circle who would advise him for or against the dismissal of the employee in the regular course of their duties. He might designate some-

one else in unusual situations, but the reason for doing so should either be obvious, or should be stated, or the choice should be assented to by the other side. For example, in good administration he might at times desire the "oral reply officer" to be a person of the accused employee's race or faith.

█ Defendant seeks in its motion to build up the qualifications of Mr. Gildea, a tax fraud investigator, to receive the designation, and also his performance of the duty. The fact remains however, that Mr. Gildea was selected, not because of his qualifications, but in a process of simple rotation among the organizational subdivisions operating in the District. In general, his performance may, as defendant says, have illustrated qualifications but as we pointed out, it illustrated disqualifications too. Defendant now wants to show that Mr. Gildea submitted a recommendation, with supporting reasons at some length. This comes too late. Nossen v. United States, 422 F.2d 1340, 191 Ct.Cl. 198, cert. applied for (1970), and cases cited. We decided the case on the motions and the documents submitted in support thereof, constituting the record as it then was. Also, it misconstrues our opinion. We never intended to impugn the capability or good faith of Mr. Gildea and the District Director, nor their honest desire to accord to plaintiff whatever "oral reply" they thought the regulation allowed him. If there should be any doubt of this, we are glad that this motion gives us the opportunity to set the record straight. The real point of our decision is that they nevertheless chose a faulty way of implementing the "oral reply", bound to downgrade it if persisted in, and therefore not within the intent and purpose of the regulation and Manual. The faults were both in the identity of the "oral reply officer", one outside the management team for no reason shown, and in the way he did the job.

█ Defendant's position in its motion is, if we understand it, and it would show, that the "oral reply officer" was disinterested and impartial, followed the

evidence closely, questioned plaintiff about his allegations, and reported his conclusions. We think these points, if valid, still misapprehend the role of the "oral reply officer." Concern as to his position in management entered into the formulation of the Manual requirements that the "oral reply officer" be "superior" to the employee, that he have "authority either to take or to recommend final action", but conceding that his authority to recommend need not be "exclusive" and need not be the "final recommendation submitted." These are somewhat clumsy attempts to describe one who is a member of the management team and to exclude one who is not. Thus, the purpose of the regulation, as construed in the Manual, is to assure that there will be significant conference and negotiation with management before things get to the point of anyone's being fired. Defendant still does not attempt to show that this occurred.

If it is administratively determined that such a procedure as was employed here was nevertheless within the purpose of the regulation, it would be a very simple matter to say so by amendment to the regulation, the Manual, or both. Thereby all this court has said would be rendered obsolete, and without regard to our words, future "oral replies" would be received in the manner the Commission deemed appropriate.

Accordingly, the motion for reconsideration is denied.