**Mauritz A. STERNER**

v.

**The UNITED STATES.**

No. 199–69.

United States Court of Claims.

Dec. 11, 1970.

Mauritz A. Sterner, pro se.

Vito J. Di Pietro, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

Plaintiff, who appears *pro se* in this action, has spent many years of his life in developing a program for the prompt medical care of the injured at the scene of an accident and for their safe removal thereafter. He has also developed first aid products to implement his program.

In his petition, plaintiff seeks recovery for an alleged infringement of his copyright under 28 U.S.C. § 1498, and he also sues for the breach of a contract implied in fact under 28 U.S.C. § 1491.

Previously upon consideration of defendant's motion for partial summary judgment and plaintiff's opposition thereto, we held that there had been no infringement of plaintiff's copyright and by order of January 16, 1970, we dismissed his infringement claim and returned the case to the trial commissioner for further proceedings on the implied contract claim.

A pretrial conference was thereafter held by the commissioner and, at that time, plaintiff agreed that the contract claim should be considered and decided on the basis of exhibits which he then presented. These exhibits consist in part of a carrying case on which are printed instructions in emergency first-aid techniques. The box is used for the shipment of miscellaneous first-aid equipment such as bandages, blankets, and other products manufactured and sold by plaintiff. In addition, plaintiff offered a binder of correspondence between himself and various representatives of the Government.

Defendant then moved for dismissal of the contract claim or for summary judgment, and plaintiff filed a cross-motion. Oral argument was heard on these motions by the court on November 2, 1970.

Plaintiff argues that he communicated new, novel, and useful ideas on the care of the injured to the Government and that the circumstances show that there was a contract implied in fact to pay him for the use of these ideas. He relies on letters written to various Government agencies in the attempt to interest them in his first-aid concepts and particularly in the purchase of his products, together with the replies to such letters. He maintains that his ideas were accepted and used in the safety programs adopted by the Public Health Service and the National Highway Safety Bureau.

■ After hearing oral argument and carefully reviewing the exhibits submitted by plaintiff, we find that no consensual agreement to use or pay for plaintiff's ideas or products can be implied from the conduct of or the correspondence between the parties. It is apparent from the record that the most that can be said is that plaintiff wrote various letters in which he tried to persuade the Government to purchase his first-aid products and accompanying instructions. However, none of plaintiff's products were ordered by the Government, and we find nothing in the correspondence which indicates that the Government promised to use or pay for plaintiff's life-saving program. For example, on January 28, 1959, Dr. Robert L. Smith of the Public Health Service wrote plaintiff that the idea of having life-saving equipment available for use in emergencies is unquestionably sound, but the letter also stated that it would be impossible for the Public Health Service to issue a policy statement that "all Department of Health, Education, and Welfare vehicles carry the Sterner Injury Shock Life Saving Program and Products Combination * * * since we would not want to rule out the use of other similar products if such placement of such life saving equipment were recommended." Again, on May 20, 1960, the Public Health Service returned to plaintiff certain packages containing his products and instructions for first aid that had been sent to the head of the department. The letter returning the material stated that "if and when civil defense medical stockpiles become a function of the Public Health Service" plaintiff would have an opportunity to bid on any health or medical items that would be procured under that program. We must conclude, therefore, that none of the evidence offered by plaintiff is sufficient to show the existence of an implied contract for the breach of which plaintiff would be entitled to recovery. Baltimore & O. R. R. v. United States, 261 U.S. 592, 43 S.Ct. 425, 67 L.Ed. 816 (1923); Nuss v. United States, 117 F. Supp. 413, 127 Ct.Cl. 197 (1954).

■ Even if it is assumed that plaintiff had some protectable legal interest in the concepts he has espoused, he has placed these ideas in the public domain by publishing them. Thus, the use of the ideas is unrestricted. Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841 (1879).

Although plaintiff has a commendable interest in the care of accident victims, he has not shown that an implied contract was entered into between himself and the Government or that the Government has damaged him in any way. It is therefore ordered that defendant's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied, and plaintiff's petition is dismissed.