Pleading and practice; motion for relief from judgment; timeliness of matters raised in motion. — On December 11, 1970 (193 Ct. Cl. 517, 434 F. 2d 656), the court held that the evidence in the record was insufficient to show that an implied contract was entered into between plaintiff and the United States to pay plaintiff for use of Ms ideas relating to treatment of accident victims. This case now comes before the court on plaintiff’s motion for relief from judgment under Rule 152 on the grounds of newly discovered evidence. Upon consideration thereof, defendant’s opposition, and plaintiff’s reply, the court finds that plaintiff’s motion and *1065 brief consist of additional legal arguments and do not constitute newly discovered evidence within the meaning of Eule 152; the court also finds that, while plaintiff’s reply to defendant’s response contains assertions that are factual in nature, the material submitted by plaintiff does not bear on the crucial issue, i.e., whether an implied contract with the United States existed. With respect to the additional legal arguments advanced by plaintiff, the court would be authorized to disregard them because they were not timely asserted. General Elec. Co. v. United States, 189 Ct. Cl. 116, 416 F. 2d 1320 (1969), and Ricucci v. United States, 193 Ct. Cl. 120, 432 F. 2d 453 (1970). However, since plaintiff is a layman who represented himself in this suit, the court has again carefully considered all the additional legal arguments and reviewed all the material submitted with plaintiff’s motion. As a result thereof, the court concludes, as it has previously decided, that plaintiff has failed to show that an implied contract was entered into between the Government and plaintiff or that there are any other grounds which would entitle plaintiff to recover. On February 18, 1972, by order, the court denied plaintiff’s motion.