Civilian pay. — On May 28, 1976 the court entered the following order:
Before CoweN, Chief Judge, Davis, SkeltoN, Nichols, Kashiwa, Runzig AND Bennett, Judges.
“The above cases are consolidated for the purpose of being dealt with in this order.
“The plaintiff, L. G. Ruderer, has for some time pursued a course of filing frivolous petitions in this court, thus wasting time which is needed for consideration and disposition of seriously intended petitions, filed by persons who 'honestly believe they have a cause of action, and often do. So far as we can tell from reading the Ruderer petitions, they are written without reference to any fact or law that might seriously be argued to authorize this court to grant relief. *694 They seem to have had their origin, in the failure in the perhaps seriously intended petition in Ct. Cl. No. 85-67, dismissed as reported in Ruderer v. United States, 188 Ct. Cl. 456, 412 F. 2d 1285 (1969), cert. denied 398 U.S. 914 (1970). The flood of new cases since then purport on their faces to seek the undoing of that decision in some fanciful manner, but after careful consideration we cannot but conclude, as defendant says, the real object is hai’assment. That object is quite successfully achieved when we follow our normal procedures, which are intended to and do guarantee careful consideration for every petition.
“By order dated January 23, 1976 [208 Ct. Cl. 1019], we dismissed Mr, Ruderer’s petitions, Ct. Cl. Nos. 103-75, 122-75, 137-75, 151-75 and 159-75. We denied all’motions by plaintiff then pending and directed defendant not to respond to any .paper filed by him in those cases thereafter, unless specifically ordered to do so by the court. The case numbers enumerated in the caption represent the subsequent accumulation of Ruderer petitions. In two of them, Nos, 453-75 and 142-76, we have motions by defendant and presumably, unless we act sua sponte, we will have motions to adjudicate in all of them, thus fully effectuating the purpose of harassment. It is obviousfy necessary to make a more drastic departure from our normal procedures, and this the court has now decided to do.
“Upon consideration of the foregoing, and without oral argument, it is ordered that
1. The petitions in the above numbered cases are dismissed with prejudice as frivolous.
2. All motions by plaintiff in the above numbered or any other cases in this court, up to the date of this order, are denied.
3. All motions by defendant in the above numbered cases are denied as.moot in view of this order.
4. Defendant is directed to make henceforward no response to any paper filed 'by Mr. Ruderer, under any docket number or caption, the above or any other, unless it is specifically ordered to do so by the court. Defendant is assured it will not be defaulted in any such case. If we desire defendant to answer or make any dispositive motion, we will so advise it,, otherwise the prescribed times for any such answers, or motions are to be deemed indefinitely suspended.”
*695 Plaintiff’s motions to set aside the foregoing judgment were denied June 25,1976.