Court of Claims jurisdiction; copyright infringement.— On September 10,1976 the court entered the following order:
Before Cowen, Chief Judge, Davis and Bennett, Judges.
“This case is before the court on defendant’s motion for summary judgment filed July 14, 1976, and plaintiff’s cross-motion for summary judgment filed August 23, 1976. The petition asserts a claim for copyright infringement by the United States and damages of $500,000. The thrust of plaintiff’s claim is that the defendant, by devious means employed by the Federal Bureau of Investigation, COINTELPRO, and the Central Intelligence Agency, caused his copyrighted books, ‘Mullins on the Federal Reserve’ and ‘The Federal Reserve Conspiracy,’ to be infringed by duplication and1 sales without payment of royalty. The former book is said to have been ‘commissioned in 1949 by the poet Ezra Pound, held at that time as a political prisoner in St. Elizabeth’s Hospital, Washington, D.C.’ The case has been before the court on prior occasions and has also been the subject of consideration in the Trial Division.
“Defendant’s motion asserts that the amended petition fails to state a claim upon which the court can grant relief, that the claim is not stated with sufficient particularity as required by the Rules, that the allegation of infringement against the United States is without foundation in probative fact, and that no genuine issue of material fact exists which *307 would prohibit summary judgment in defendant’s favor. It is noted that plaintiff has not complied with orders to set forth the necessary facts to show infringement. The court ordered a more definite statement by plaintiff with identification by him of the employee, department or agency of defendant alleged to have infringed, and the sales by or on authority of the same, with time and place. This information has not been furnished. Plaintiff’s answer to the pending motion states, in part:
* * * Plaintiff agrees that this action cannot be brought to a just conclusion without fully exposing the shadow government of Zionist collaborators and Communists sympathizers, as well as the activists of the old Harold Ware cell of Communists in Washington. If these criminals can be brought to justice, plaintiff can afford the Court ample proof of the contentions of this action.
“It is plain to us that plaintiff has not stated facts sufficient to support a prima facie claim for copyright infringement against the United States. We have before us no documentation to support the plaintiff’s broad allegations. There is no support for any assumption that any department, agency, or individual in defendant’s employment or organization authorized by defendant has copied, sold, or otherwise infringed plaintiff’s alleged copyright or copyrights within the 3 years next preceding February 10,1975, or at any other time.
“Plaintiff’s motion for summary judgment asserts that defendant £is participating in and compounding a crime, the stated crime of conspiring to defraud plaintiff by selling plaintiff’s books through government-controlled front groups without due compensation to plaintiff and by conspiring to cover up crimes.’ Plaintiff also claims denial of due process and equal justice under law because defendant has not provided him with legal assistance to prosecute this action. Like the petition, the motion is unsupported by any evidence of record. No affidavits support the motion. Defendant has no responsibility to provide plaintiff with legal counsel to make claims against the Government. The motion is totally without merit.
*308 “it is therefore ordered that, upon consideration of the petition, defendant’s motion for summary judgment and attached papers, plaintiff’s answer to the motion, and plaintiff’s cross-motion for summary judgment, without oral argument, and upon the authority of Mazer v. Stein, 347 U.S. 201, 218 (1954), Sterner v. United States, 193 Ct. Cl. 517, 434 F. 2d 656 (1970), Dilatush v. United States, 151 Ct. Cl. 405 (1960), and Costello v. Loew's Inc., 159 F. Supp. 782, 783 (D.C. Cir. 1958), the defendant’s motion for summary judgment is granted. Plaintiff’s cross-motion for summary judgment is denied. The petition is dismissed.”