"This wrongful discharge suit is before the court on defendant’s motion for summary judgment and plaintiffs opposition thereto and plaintiffs motion for leave to amend his petition and defendant’s opposition thereto. After careful consideration of the briefs, we grant defendant’s motion for summary judgment and deny plaintiffs motion for leave to amend his petition.
"The facts of this case are set forth in detail in Sexton v. Kennedy, 523 F. 2d 1311 (6th Cir. 1975), and need no further elaboration here. Plaintiff originally brought this suit in the federal district court for the Northern District of Ohio. He subsequently filed a protective suit in the Court of Claims but proceedings here were suspended pending the *1060 outcome of the federal district court action. The federal district court suit was concluded when the court granted defendant’s motion for summary judgment. Sexton v. Kennedy, No. C70-883 (July 3, 1974). Plaintiff appealed that decision to the Sixth Circuit Court on the same grounds that he is urging here (i.e., that the administrative record before the district court was incomplete for 46 documents were missing — two of which plaintiff contends are highly relevant). The Sixth Circuit, after reviewing the record and the documents, affirmed the district court. Sexton v. Kennedy, supra. Plaintiff sought Supreme Court review of the Sixth Circuit’s decision, but certiorari was denied, 425 U. S. 973 (1976).
"Defendant’s motion for summary judgment contends that under the doctrine of res judicata the federal district court decision bars further consideration of plaintiffs suit in this court. Plaintiff does not agree. We hold that plaintiffs suit is barred by the doctrine of res judicata. Even if there should be a difference in the standard of review followed by this court and the Sixth Circuit Court of Appeals, see Baum v. Zuckert, 342 F. 2d 145 (6th Cir. 1965), Roskos v. United States, 213 Ct. Cl. 34, 549 F. 2d 1386 (1977), this does not affect the doctrine of res judicata. Plaintiff chose the forum in which to bring his case and his claim and was given consideration plus full judicial review. He cannot now move* to another forum, this court, and relitigate his claim simply because he feels this court may be more sympathetic because it has adopted a different standard of review than the forum in which the first proceeding occurred. Therefore,
"it is ordered that defendant’s motion for summary judgment be and hereby is granted. Further, it is ordered that plaintiffs motion for leave to amend his petition be denied and the petition be dismissed.”
Plaintiffs suggestion for rehearing en banc and motion for rehearing were denied April 27, 1978.