Plaintiff, James A. Partridge, was formerly employed as a physicist in the Lewis Research Center (Center) of the National Aeronautics and Space Administration in Cleveland, Ohio. As a part of an agency-wide reduction-in-force *682 (RIF) program, plaintiff was notified by letter of August 17, 1970, that his position at the Center would be abolished. In this case, which is before the court on the parties’ cross-motions for summary judgment, plaintiff seeks reinstatement, back pay, and other benefits.
The facts pertinent to the motions presently before the court are as follows:
After plaintiff was notified that his position had been abolished, he appealed to the Chicago Regional Office of the Civil Service Commission (Commission), and after his appeal was denied by the Director of the Chicago Region, he appealed to the Commission’s Board of Appeals and Review, which also denied his claim, on August 9, 1971. Thereafter, on August 9, 1972, he brought suit in the United States District Court for the Northern District of Ohio on behalf of himself and others similarly situated. He alleged that the RIF regulations are unconstitutional in that they violate his rights under the Fifth Amendment and he sought declaratory and injunctive relief, as well as reinstatement and back pay. By order of September 9, 1974, the District Court remanded the case to the Commission for a trial-type hearing on plaintiffs various claims. After the original remand order, the District Court issued a clarifying order on November 7, 1974. As a result of problems which arose during the proceedings before the Commission, the parties sought guidance from the District Court, and there were additional hearings in that court on April 16, 1975; April 29, 1975; May 9, 1975; and June 9, 1975.
After a trial-type hearing, the Commission issued a decision on the remand from the District Court, holding that the RIF was bona fide; that the competitive level in which plaintiffs position was placed was proper, and that plaintiff was not deprived of any assignment rights to which he was entitled. Plaintiff then filed suit in this court, alleging that the decision of the Commission on remand was arbitrary, capricious, an abuse of discretion, and unlawful. To a substantial extent, plaintiffs motion for summary judgment seeks relief in this court on the ground that the Commission misconstrued the orders of the District Court and did not accord plaintiff the kind of hearing which that court directed. During oral argument, *683 plaintiffs attorney stated that plaintiff was unwilling to abandon these contentions so that this court could proceed to decide, on a review of the administrative record, whether the Commission’s decision is arbitrary, capricious, unsupported by substantial evidence or contrary to law.
In these circumstances, it is obvious that adherence to the rule of comity requires that we should not consider plaintiffs contentions that the Commission did not comply with the District Court’s orders, and that proceedings in this court should be stayed in order that the plaintiff can return to the District Court for further relief. See Tecon Engineers, Inc. v. United States, 170 Ct. Cl. 389, 343 F.2d 943 (1965), cert. denied 382 U.S. 976 (1966); Carter-Wallace, Inc. v. United States, 196 Ct. Cl. 35, 449 F.2d 1374 (1971).
it is therefore ordered, that plaintiff shall have 60 days from the date of this order within which to file with the District Court an application for further relief by that court, including relief on the merits of plaintiffs claims to the extent the District Court has jurisdiction. Copies of plaintiffs application shall be filed with the Clerk of this court, who shall serve a copy thereof on defendant;
it is further ordered that in the event plaintiff applies to the District Court for relief, proceedings in this court shall be stayed pending the action and decision of the District Court; and
it is further ordered that in the event plaintiff fails to apply to the District Court for further relief within the 60-day period herein provided, this court will conclude as a matter of law that plaintiff has abandoned any claims resting upon the Commission’s failure to comply with the orders of the District Court, and will proceed to act on the cross-motions for summary judgment on the basis of the remaining contentions in the parties’ motions and a review of the administrative record.
On April 27, 1979 the court was notified that plaintiff filed an application for relief with the United States District Court, Northern District of Ohio, Eastern Division.