In this case, which is before us on cross-motions for summary judgment, the plaintiff challenges the termination of his employment at the National Aeronautics and Space Administration as a result of a 1970 reduction in force ( rif). We grant the government’s motion and dismiss the complaint on the ground that, since all the issues plaintiff seeks to litigate before us have been fully litigated and decided against the plaintiff in an action the plaintiff brought against the United States in the district court, the decision in that case is res judicata of the present case.
1. Following the plaintiff’s discharge pursuant to the rif, the plaintiff challenged his dismissal first before the Chicago Regional Office of the Civil Service Commission and then before the Commission’s Board of Appeals and Review. Both agencies upheld the dismissal. In August 1972, the plaintiff filed suit in the United States District Court for the Northern District of Ohio challenging the rif *843 and his dismissal pursuant thereto. In 1974, the district court remanded the case to the Commission for a trial-type hearing on the plaintiffs various claims. It specified the precise procedures the Commission was to follow and the issues it was to consider in the hearing.
After the hearing, the Commission’s Federal Employee Appeals Authority again upheld the rif and plaintiffs dismissal. In December 1975, the plaintiff filed suit in this court, seeking backpay and reinstatement. He challenged the rif on various grounds and contended that the proceedings the Appeals Authority conducted on the remand had not complied with the district court’s remand order. In March 1979, we heard oral argument on the parties’ cross-motions for summary judgment.
Following oral argument, we suspended proceedings in the case and gave the plaintiff 60 days to file in the district court "an application for further relief by that court, including relief on the merits of plaintiffs claims to the extent the District Court has jurisdiction.” Partridge v. United States, 219 Ct. Cl. 681, 683 (1979). We took that action because "the rule of comity requires that we should not consider plaintiffs contentions that the Commission did not comply with the District Court’s orders.” Id.
The plaintiff then filed a new complaint in the district court. Paragraph 21 of the complaint alleged that the Appeals Authority’s "findings, conclusions and decision”
in adversely deciding plaintiffs administrative appeal were arbitrary, capricious, and an abuse of discretion, as well as not being in accordance with law; they also were contrary to the plaintiffs Fifth Amendment constitutional rights, privileges and immunities; and they were without observance of the procedures required by law and were unsupported by substantial evidence.
On November 25, 1981, the district court rendered a lengthy opinion which discussed in detail and rejected all the plaintiffs contentions. Partridge v. United States, No. C79-758 (N.D. Ohio Nov. 25, 1981). The court considered at length each of the plaintiffs challenges to the administrative decision. The court held that the Appeals Authority conducted the hearing in accordance with the directions in the court’s remand order and did not deny the plaintiff any *844 procedural right or otherwise commit prejudicial error. The court stated that it had
reviewed the entire record before it. It concludes that the separation of plaintiff from his position at nasa -Lewis Research Center during the 1970 reduction in force was not arbitrary, capricious, or an abuse of nasa’s administrative discretion. Plaintiff was afforded a full and fair evidentiary appeal by an feaa hearing examiner, and the government presented substantial evidence which supports its actions as being legally justified. Plaintiff has failed to meet his burden of showing that nasa and the Civil Service Commission officials acted improperly in separating plaintiff from his employment at NASA-Lewis pursuant to the 1970 RIF mandate.
Id., slip op. at 28. The district court denied the plaintiffs motion for summary judgment, granted the government’s motion, and dismissed the complaint.
The plaintiff moved the court to reconsider and/or amend its decision on the ground that the court had not separately discussed, and therefore had not considered, three of the plaintiffs contentions. The court denied the motion in an order which discussed and rejected those three contentions. Partridge v. United States, No. C79-758 (N.D. Ohio Jan. 28, 1982).
On April 8, 1982, the plaintiff filed a notice of appeal to the Court of Appeals for the Sixth Circuit. On April 26, 1982, the plaintiff filed in this court a motion to continue the suspension of proceedings here until the court of appeals’ proceedings have been completed. By order dated June 3, 1982, we denied the motion and authorized the parties to file within 30 days a single brief "discussing the issues in this case and the effect upon this case of the recent decision of the . . . District Court . . . dismissing the plaintiffs complaint in that court.”
Both parties filed such briefs. The plaintiff renewed his request to suspend proceedings, and after referring to the briefs he previously filed in support of his motion for summary judgment, made various arguments that the Appeals Authority incorrectly upheld his dismissal. The government argued that all the issues the plaintiff urges before this court have been fully litigated and resolved *845 against the plaintiff in the district court and that the decision of that court is res judicata of the plaintiffs claim in this court.
2. We agree with the defendant that all the challenges the plaintiff here makes to his discharge pursuant to the RIF were litigated and decided against him in the district court. The decision of the district court therefore is res judicata in this case. Sexton v. United States, 215 Ct. Cl. 1059, cert. denied, 439 U.S. 911 (1978).
We suspended this case at an earlier stage to give the plaintiff the opportunity to seek from the district court a determination whether the Civil Service Commission "did not comply with the District Court’s orders.” 219 Ct. Cl. at 683. The plaintiff, however, did not limit his application to the district court to that narrow issue. Instead he filed a new complaint that broadly challenged the Commission’s decision on the merits on many grounds, as our order recognized he could do. In response, the district court "reviewed the entire record before it” and considered but rejected each of the plaintiffs challenges to the agency’s action. These are the same issues that the plaintiff seeks to have us decide. "Plaintiff chose the forum in which to bring his case and his claim and was given consideration plus full judicial review. He cannot now move to another forum, this court, and relitigate his claim simply because he feels this court may be more sympathetic . . . . ” Sexton, 215 Ct. Cl. at 1060.
Even if the court of appeals were to reverse the district court, that would not warrant our deciding this case. If the court of appeals were to conclude that the plaintiff is entitled to prevail or that further proceedings in the district court are required, it undoubtedly would remand the case to that court for appropriate action.
In short, if the court of appeals affirms, the district court’s decision is res judicata. If the court of appeals reverses or modifies, the plaintiff still would be able to obtain all the relief he seeks from us in the district court. In either situation there would be no occasion for us to decide this case.
*846 The plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing en banc and/or relief from judgment was denied September 10,1982.