**Mauritz A. STERNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 457–82C.**

United States Claims Court.

April 14, 1983.

254

Mauritz A. Sterner, Forest Hills, pro se.

Sandra P. Spooner, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

This case is before the court on defendant's motion to dismiss and for an order protecting it from further litigation by plaintiff. It is another in a series of cases filed by plaintiff seeking compensation for defendant's alleged use of his ideas and products relating to emergency medical care for accident victims.

In *Sterner v. United States,* 193 Ct.Cl. 517, 434 F.2d 656 (1970), *relief from judgment denied,* 197 Ct.Cl. 1064 (1972), plaintiff alleged copyright infringement and breach of implied contract to pay him for the use of his first aid concepts and products. The court held that defendant had not agreed to accept and pay for plaintiff's program and products and because plaintiff had placed his ideas in the public domain their use could not be restricted. Plaintiff then brought another action in the Court of Claims alleging breach of implied contract, patent infringement, unconstitutional taking of property without due process and misappropriation of trade secrets. The

* According to defendant, plaintiff brought similar suits under the Federal Tort Claims Act in United States District Court in the early 1970's

court considered the allegations and dismissed them as without merit and out of time. *Sterner v. United States,* 198 Ct.Cl. 979 (1972).*

Review of the documents filed in this case shows that plaintiff again raises matters which the Court of Claims considered and on which it ruled in the earlier cases. To the extent he raises different arguments and grounds on which he supposes himself entitled to recovery, they are directly related to the transactions that were the subjects of his previous suits. His demand to be compensated for the benefit derived by the government since 1972, presumably measured from the dismissal of his last case in the Court of Claims, is premised on theories the court ruled invalid. His assertions here have been or should have been raised, or are based on the same causes of action as, in the prior suits. Accordingly, they are barred by res judicata and collateral estoppel.

After prior judgment on the merits, res judicata bars relitigation between the same parties of the same causes of action, and collateral estoppel bars relitigation of matters that were litigated and decided. *Lawlor v. National Screen Service,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955); *see Sexton v. United States,* 215 Ct.Cl. 1059, 1060 (1978). The bar includes any causes of action and transactions on which they may be founded that could have been raised but were not. *Oglethorpe v. United States,* 214 Ct.Cl. 551, 557, 558 F.2d 590, 594 (1977); *Container Transport International v. United States,* 199 Ct.Cl. 713, 718, 468 F.2d 926, 928 (1972).

It is clear that plaintiff has had his claims considered by the Court of Claims and that his continued assertion of the same ones amounts to misuse of the judicial process. Everyone is entitled to full and fair consideration of a claim, but once it has been ruled on, litigation must end. In addition to the jurisprudential considerations, repeti-

which were dismissed and the dismissals upheld on appeal. *See also Sterner v. United States,* 198 Ct.Cl. 979 (1972).

tive reconsideration of suits by courts, no matter how strongly one may feel about the rightness of his cause, results in "wasting time which is needed for consideration and disposition of seriously intended petitions, filed by persons who honestly believe they have a cause of action, and often do." *Ruderer v. United States,* 210 Ct.Cl. 693 (1976). The court has an obligation to endeavor "to secure the just, speedy, and inexpensive determination of every action." RUSCC 1(a). It cannot fulfill that obligation if its time is distracted by cases which should not be on the docket. *See Asberry v. United States Postal Service,* 692 F.2d 1378, 1382 (Fed.Cir. 1982).

The court has carefully considered defendant's motion for an order protecting it from having to respond further to complaints filed by this plaintiff and finds the request valid. Just as the resources of the court are poorly spent by reconsideration of meritless claims, so too are those of defendant. To the extent those resources are used defending a case of a plaintiff who shows a propensity for repetitious litigation, they are not available for the disposition of the claims of others. In these circumstances, a protective order is appropriate. *See Carter v. United States,* 228 Ct.Cl. 898, 901 (1981); *Levy v. United States,* 227 Ct.Cl. 705 (1981); *Ruderer v. United States,* 210 Ct.Cl. 693 (1976).

Accordingly, it is ORDERED that defendant's motion to dismiss is GRANTED, the complaint to be dismissed with costs to the prevailing party.

It is further ORDERED that defendant's motion for protective order is GRANTED and defendant is directed to make no response to any paper filed in this court by this plaintiff under any docket number or caption unless specifically ordered to do so by the court. Defendant will not be defaulted in any case in which it complies with this order. The court will advise defendant if an answer or other pleading is required; absent such advice, the prescribed times within which defendant would be required to answer or otherwise plead are indefinitely suspended.