868 F.2d 1278
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bill M. FERRIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1031.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1989.
 
 Before FRIEDMAN, Circuit Judge, NICHOLS, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 We affirm the unpublished order of the Claims Court, Ferris v. United States, No. 504-88C (Aug. 31, 1988), which directs the clerk of that court to dismiss the complaint. We agree with Judge Futey's discussion therein, and adopt it as the basis of our decision.
 
 
 2
 Defendant United States requests this court not to stop there, but to enjoin Mr. Ferris from filing any further suit in this or any other court unless on a different claim. We deny that request, but deem that a more limited restraint on further litigation by Mr. Ferris is in order. We direct the clerk of this court not to accept any further filing by Mr. Ferris in this or any other lawsuit without the clerk's first bringing said filing before a judge of this court and obtaining specific approval of the judge for the filing. The judge will determine whether the filing is related to the claim already litigated and, if it is so related, he will direct the clerk to reject it. Neither Mr. Ferris nor the clerk should attempt to determine such relationship. The defendant United States is excused from responding in any manner to any filing by Mr. Ferris unless and until specifically directed to respond by this court.
 
 OPINION
 
 3
 The papers in this and predecessor cases reveal a failure in the normal case management of the Claims Court and this court to preclude repeated reconsideration of Mr. Ferris' claim, the same claim, by judges of this court and the Claims Court. None of these judges ever had jurisdiction to do anything more than to determine, as the case was, that they did not have jurisdiction. Judges of this court who have considered and given time and attention to the claim include six: Friedman, Davis, Nichols, Nies, Smith, and Archer. Only cases of the greatest moment are referred to panels of as many as five judges: the usual panel is three. Judges of the Claims Court who have considered the claim include Mayer (now of this court, but then of the Claims Court), Yanello, Harkins, and Futey. Most litigants enlist the services of only one Claims Court judge. As a litigant, Mr. Ferris has not got very far in prosecution of his claim, but as a waster of judicial time, his success is phenomenal.
 
 
 4
 The claim relates to an alleged unlawful discharge of Mr. Ferris from the Navy. This occurred in 1968, and the first Claims Court suit, No. 284-85C, was filed in 1985, so Mr. Ferris' statute of limitations problem is rather obvious, and Judge Mayer's dismissal was not appealed. The next Claims Court suit, No. 405-85C, was decided adversely to Mr. Ferris on January 29, 1986. As Judge Yanello pointed out, if Mr. Ferris disapproved of the Mayer decision, he should have appealed it. He did appeal the Yanello decision and a panel of this court affirmed in an opinion by the late Judge Davis in his usual able and thorough style, No. 86-959, July 11, 1986, unpublished. The next case in the Claims Court, No. 370-87C, on the same claim, was decided by order of Judge Harkins, June 4, 1987, and affirmed per curiam by this court, No. 87-1411, October 13, 1987. This time Mr. Ferris afforded the Supreme Court an opportunity to correct the alleged wrong done him. Certiorari was denied, 108 S.Ct. 1084 (1988).
 
 
 5
 The judicial time consumed by this claim was enhanced by the usual petitions for rehearing, which the defendant enumerates in its brief, but which we omit here to avoid tedium.
 
 
 6
 The present appeal, No. 89-1031, asks us to review an order by Judge Futey of the Claims Court, its number 504-88C. As already stated, we perceive no error in that order and affirm it. This decision is based wholly on the identity of Mr. Ferris' present claim with his previous claims and the consequent applicability of the res judicata doctrine.
 
 
 7
 This case illustrates that when a clerk of court receives a filing, he forwards it for a judge's action in the regular course, and if the litigant is indifferent to the validity of his claim, a waste of judicial resources has become already a probable eventuality. It is necessary to cut off such a litigant "at the pass" if any good is to be achieved. Merely informing the participating judges of the previous history of the claim is not enough. It appears from the texts of the various opinions that all of the judges involved in this case were well informed as to the previous history of Mr. Ferris' claim.
 
 
 8
 The welfare of the Third Branch, though important, is not our exclusive preoccupation. We all, as taxpayers, support the Justice Department. Though this was the eighth court case dealing with Mr. Ferris' claim (counting his appeal and his certiorari petition as separate cases), and though Justice took advantage of our permission to file an "informal brief" only, still its brief consisted of nine pages of text and 22 of appendix.
 
 
 9
 With respect to the judges, it may be pointed out that Mr. Ferris was at all times filing pro se. While the right of a litigant to represent himself is unchallenged, when he does so, the amount of judicial time expended on a case is much increased. This is because it becomes so much more difficult to fathom what the legal basis of a pro se litigant's claim may be. As the court said in Ruderer v. United States, 412 F.2d 1285, 1292, 188 Ct.Cl. 456, 468 (1969), cert. denied, 398 U.S. 914 (1970):
 
 
 10
 As often with pro se plaintiffs, we have strained our proper role in adversary proceedings to the limit, searching this lengthy record to see if plaintiff has a cause of action somewhere displayed. It would appear that one invoking the appeal procedures of the Civil Service Commission, and suing in the courts, is like one sitting down at an organ. He needs some understanding of the instrument before he can expect to elicit anything but a discordant noise.
 
 
 11
 Mr. Ferris, with eight cases, is a small operator compared to the Ruderer of the cited case, with hundreds. See also Ruderer revisited at 529 F.2d 533, 208 Ct.Cl. 1019 (1976) and 538 F.2d 348, 210 Ct.Cl. 693 (1976). However, Ruderer accomplished most of his harassment of the courts in his earlier cases since the judiciary ultimately gained sophistication as to Ruderer. In his first case alone he achieved 6,190 pages of testimony, and 250 exhibits, before he even got into court, but this feat he never repeated so far as we know.
 
 
 12
 The order in the Decision section is framed not to exceed in scope the order in Ruderer's case, and that in turn was carefully framed to protect the Court of Claims from further harassment, but not attempting the job for other courts. We think the form of order as proposed by defendant herein is too broad as it seems to suggest we assume a protective role respecting other courts. Defendant can invite the attention of the Claims Court to this order and, if it sees fit, it can adopt something similar, but we do not think we should act for it. On the other hand, we do not restrict our order to the same claim, because that would leave Mr. Ferris free, as an uninformed pro se litigant, to believe that any change he made in the way he stated the claim made it a different claim. But see Johns-Manville Corp. v. United States, 855 F.2d 1556 (Fed.Cir.1988).