42 F.3d 1408
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles Merrill MOUNT, Appellant,
v.
The UNITED STATES, Appellee.
 No. 94-5011.
 United States Court of Appeals, Federal Circuit.
 Sept. 23, 1994.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined March 17, 1995.
 
 Before RICH, NEWMAN, and CLEVENGER Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Charles Merrill Mount (appellant) seeks review of the Order of the United States Court of Federal Claims (CFC), Mount v. United States, No. 93-352C (Fed.Cl. Sept. 20, 1993), granting the United States' motion and dismissing appellant's complaint for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Appellant filed a complaint in the CFC on June 3, 1993 asserting a taking under the Fifth Amendment entitling him to compensation in the amount of one million dollars plus interest from August 13, 1987. The complaint arose from the Federal Bureau of Investigation's (FBI) seizure on that date of some 135 historical documents in appellant's possession.[1] Appellant previously filed suit to recover the documents in the United States District Court for the District of Massachusetts. United States v. Mount, 14 F.3d 45 (1st Cir.1993) (table). Additionally, appellant filed two previous actions in the CFC asserting a right to compensation based on different constitutional grounds. See Mount v. United States, No. 93-392C (Fed.Cl.1993) and Mount v. United States, No. 93-310C (Fed.Cl.1993).
 
 
 3
 The CFC dismissed, finding that appellant's challenge to the lawfulness of the FBI's seizure sounded in tort thus depriving the CFC of jurisdiction over the complaint. Appellant appealed the dismissal to this court. We review jurisdiction, a question of law, de novo. Dehne v. United States, 970 F.2d 890, 892 (Fed.Cir.1992).
 
 
 4
 In this appeal, appellant strenuously contests the propriety of the FBI's action in seizing the documents and steadfastly maintains that the documents were his and were not proven in the Massachusetts District Court to have been stolen by him. Regardless of the merit of these contentions, the issue here is whether the CFC had jurisdiction to entertain his complaint.
 
 
 5
 Review by the CFC is not permitted unless the plaintiff can meet the specialized jurisdictional requirements set forth in the Tucker Act, 28 U.S.C. Sec. 1491(a)(1) (Supp. V 1993), by alleging that it has a substantive right enforceable against the United States for money due. United States v. Testan, 424 U.S. 392, 398 (1976). Such a right arises from a specific constitutional provision, federal law, or federal regulation mandating payment of money damages. Id. at 400.
 
 
 6
 The Fifth Amendment of the Constitution is such a constitutional provision in that it mandates compensation when the Federal Government appropriates private property that it is unwilling to purchase. Armstrong v. United States, 364 U.S. 40, 49 (1960). However, a Fifth Amendment taking is characterized by the Government's use of lawful power to convert private property to public uses. Thus, a Tucker Act suit in the CFC is not available to recover for unlawful acts of government officials. Florida Rock Indus. v. United States, 791 F.2d 893, 898-99 (Fed.Cir.1986).
 
 
 7
 Appellant challenges only the lawfulness of the FBI's action in seizing the documents. As such, the CFC correctly determined that it does not have jurisdiction over appellant's complaint. The CFC's Order dismissing appellant's complaint must therefore be affirmed.
 
 
 8
 Appellant additionally challenges the CFC's instruction to its clerk to accept for filing no further complaints or pleadings lodged by him. The CFC relied on Sterner v. United States, 2 Cl.Ct. 253 (1983), which dealt with a "plaintiff who shows a propensity for repetitions litigation" when deciding the appropriateness of a protective order. Id. at 255. Clearly that is the situation here. Appellant has filed no less than nine appeals in the Court of Appeals for the First Circuit and has filed three complaints in the CFC, all arising from his conviction for transporting stolen documents. Appellant proves himself to be prone to repetitious litigation. Thus, we also affirm the CFC's instruction to accept no further complaints or pleadings from appellant.
 
 
 
 [1]
 Appellant was convicted in the U.S. District Court for the District of Massachusetts of transporting in interstate commerce rare historical documents known to be stolen from the Library of Congress and the National Archives. See United States v. Mount, 896 F.2d 612 (1st Cir.1990) and Mount v. United States, 996 F.2d 1209 (1st Cir.1993) (table)