56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 IN re Richard L. CHANDLER, Petitioner.
 No. 420.
 United States Court of Appeals, Federal Circuit.
 May 9, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 PER CURIAM.
 
 
 1
 Richard L. Chandler petitions for a writ of mandamus (1) to direct the Court of Federal Claims to vacate its orders dated November 28, 1994 and December 14, 1994 and (2) to direct the clerk of the Court of Federal Claims to file certain documents. The United States opposes. Chandler moves for leave to file a reply.[1]
 
 
 2
 Chandler has been challenging his 1980 divorce and the resulting payments of part of his retirement pension to his former wife in various state and federal courts for many years. In addition to other suits brought in federal and state courts, Chandler sued in the Claims Court in 1989 seeking to recover benefits that were paid to his former wife based on Chandler's assertion that his marriage to her was void. The Claims Court dismissed Chandler's complaint on res judicata and jurisdictional grounds. In an order denying reconsideration, the Claims Court stated that "[p]laintiff has no business pestering federal courts any further with this matter. Plaintiff cannot be told any more clearly." On November 8, 1990, this court affirmed the Claims Court's dismissal.
 
 
 3
 After a state court upheld the validity of the marriage and subsequent divorce in a separate proceeding, Chandler again sued in the Court of Federal Claims in 1993.[2] Chandler sought to recover the payments made by the Department of the Army to his former wife because his marriage to her was void. On April 22, 1994, the Court of Federal Claims dismissed Chandler's complaint as barred by res judicata. In a thorough decision tracing the "trail of litigation" that Chandler had pursued, the Court of Federal Claims stated that "it is evident that plaintiff's claim is the same claim he has brought numerous times." The Court of Federal Claims also refused to permit Chandler to amend his complaint because "[a]ll of the claims asserted in plaintiff's proposed amended complaint are either barred by res judicata or are otherwise without merit" and that "amending the complaint would be futile." The Court of Federal Claims also stated:
 
 
 4
 Plaintiff has shown an unusual disregard for the holdings of the Claims Court and other courts and a disturbingly cavalier attitude about his presentation of the facts relevant to his claims. Despite repeated holdings affirming the validity of his divorce and the payments made by the Army, plaintiff continues to prosecute his meritless claims with abusive zeal. He will no longer be allowed to squander the resources of the court or defendant with frivolous litigation.
 
 
 5
 In anticipation of subsequent meritless submissions, the Court of Federal Claims ordered that "Defendant is directed not to respond to any paper filed in the Court of Federal Claims by this plaintiff under any docket number or caption unless specifically ordered to do so by a judge of the court. Sterner v. United States, 2 Cl. Ct. 253, 255 (1983)."
 
 
 6
 On October 6, 1994, we affirmed the Court of Federal Claims' judgment. Undaunted by two Court of Federal Claims' decisions that were affirmed by this court, Chandler submitted additional documents to the Court of Federal Claims. On November 28, 1994, the trial court stated that "[p]laintiff's instant motions appear to be lodged under RCFC 60(b)(4), and are groundless," directed the clerk to "return the submission unfiled," and noted that pursuant to its April 22, 1994 order the United States need not respond to the submissions. Chandler submitted additional documents. The trial court again directed the clerk to return the submissions unfiled. Chandler petitions for a writ of mandamus to direct the Court of Federal Claims to vacate the two orders and to file his submissions.
 
 
 7
 Chandler argues that the Court of Federal Claims' April 22, 1994 order directing the United States "not to respond to any paper filed ... by Chandler unless specifically ordered to do so" (emphasis added) implies that the Court of Federal Claims will file any documents that Chandler submits. He further argues that the Court of Federal Claims must rule on his Rule 60(b) motion so that Chandler can again appeal to this court.
 
 
 8
 The Court of Federal Claims' April 22, 1994 order put Chandler on notice that future frivolous submissions would not be allowed and Chandler would "no longer be allowed to squander the resources of the court or defendant with frivolous litigation." Under the circumstances of this case, we decline to direct the Court of Federal Claims to file Chandler's documents.[3] Finally, in order to give the doctrine of res judicata some meaning, we deem it appropriate to place restrictions on any future submissions by Chandler in this court. Any future submissions will be reviewed and, if they relate to this same matter, will be placed in the file without response.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Chandler's petition for a writ of mandamus is denied.
 
 
 11
 (2) Chandler's motion for leave to file a reply is denied.
 
 
 12
 (3) Any future submissions from Chandler will be reviewed and, if they relate to this same matter, will be placed in the file without response.
 
 
 
 [1]
 In his reply, Chandler requests oral argument and sanctions. Because we deny Chandler's motion for leave to file a reply, those requests are not before the court
 
 
 [2]
 The Claims Court was renamed the Court of Federal Claims in 1992. Federal Courts Administration Act of 1992, Pub. L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516
 
 
 [3]
 Chandler's other requests in his petition for a writ of mandamus are totally without merit