**Bernice LE BURKIEN, Plaintiff-Appellant,**

v.

**Robert W. NOTTI, Defendant-Appellee.**

**No. 15416.**

United States Court of Appeals Seventh Circuit.

Aug. 17, 1966.

Julius L. Sherwin, Theodore R. Sherwin, Chicago, Ill., for appellant.

Morton Hollander, Chief, Appellate Section, Frederick B. Abramson, Atty., U. S. Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Edward V. Hanrahan, U. S. Atty., Washington, D. C., for appellee.

Before KNOCH and KILEY, Circuit Judges, and MAJOR, Senior Circuit Judge.

KNOCH, Circuit Judge.

The plaintiff-appellant, Bernice Le Burkien, brought this action in the Circuit Court of Cook County, Illinois, from which it was removed to the United States District Court, against the defendant-appellee, Robert W. Notti, as Regional Director of Administration of Region IV of the Housing and Home Finance Agency. The defendant's duties included supervision of employment for that Agency.

In April, 1963, the plaintiff was employed by the Agency as a probationary clerk-typist. Before her one-year probationary period had expired, her employment was terminated. She was advised by an Official Notification of Personnel Action form showing the nature of action as "Termination—Disqualification during Probation" and giving the following "Reasons:"

Employee's work performance was unsatisfactory, primarily because she had an obsession that people did not like her or were making derogatory remarks about her. As a result, she absented herself frequently from her desk in order to discuss her allusions with various staff—in and out of the CF Division—thus creating disruption and making it impossible to properly perform her own work assignments.

This form was signed by the defendant as Regional Director of Administration.

The plaintiff asserts that the word "allusions" was intended to mean "delusions" and that this term and the word "obsession" were falsely employed with malicious intent to damage plaintiff, who has been injured in her reputation and ability to secure other gainful employment. She sought damages of $100,000, a finding of malice as the gist of her action, and issuance of a body execution to enforce judgment.

The District Court granted that defendant's motion to dismiss the complaint. That motion was based on the fact that the complaint itself shows the defendant to be a federal official and his allegedly malicious statements and their publication to have been related to a matter within his power and direction and under his control and supervision. The defendant contended that in the circumstances here, the defendant's statements were privileged.

The plaintiff's view is that the malicious use of language reflecting on the plaintiff's mental state was outside of the perimeter of defendant's line of duty.

The Court also denied plaintiff's motion for leave to amend her complaint. Plaintiff contends that the inclusion (by the amendment she sought to file) of allegations that the defendant is not a physician specializing in treatment of

mental disorders so as to warrant use of these terms would have entitled plaintiff to a trial and a factual determination.

We agree with the District Court that under the circumstances outlined in the complaint, the defendant's statements were privileged. Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons, 1959, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Sauber v. Gliedman, 7 Cir., 1960, 283 F.2d 941, cert. den. 366 U.S. 906, 81 S.Ct. 1047, 6 L.Ed.2d 204. The proposed amendment showing the defendant's lack of medical qualifications would not have cured the legal insufficiency of the complaint to state a claim on which relief could be granted.

The order of the District Court is affirmed.

Affirmed.