**L. G. RUDERER** (Civilian employee, U. S. Army Aviation Material Command, Mart Bldg., St. Louis, Mo.)

v.

**Virgil BROWN** (Colonel in U. S. Army stationed at AVCOM as Director in Directorate of Admn. & Personnel).

**L. G. RUDERER** (Employee of U. S. Army, etc.)

v.

**Morris DITTMAN** (Employee of AVCOM).

**L. G. RUDERER**

v.

**Wayne R. SMITH.**

**L. G. RUDERER**

v.

**Edward A. KOZIBOSKI** (Employee of AVCOM).

**L. G. RUDERER**

v.

**Gerald L. BLACK.**

Nos. 67 C 113(2), 67 C 140(2), 67 C 147(2), 67 C 215(2), 67 C 227(2).

United States District Court
E. D. Missouri, E. D.

Dec. 14, 1967.

L. G. Ruderer, pro se.

J. Paul Allred, Jr., St. Louis, Mo., appointed counsel under provisions of 28 U.S.C. § 1915.

Veryl L. Riddle, U. S. Atty., Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

The plaintiff in these cases is a citizen of Illinois and the defendants in these cases are citizens of Missouri. The amount involved exceeds $10,000. This Court has jurisdiction under the provisions of 28 U.S.C. § 1332.

The plaintiff was an employee of the United States Army Aviation Material Command (hereinafter called AVCOM). The defendants in these cases were employees of AVCOM. In each of these related cases Ruderer was the plaintiff and he brought suit for libel and slander against the following persons, Virgil Brown, Morris Dittman, Wayne R. Smith, Edward A. Koziboski, and Gerald L. Black, alleging that as a result of their actions and testimony given at an administrative hearing, which occurred between July 19, 1965, and September 27, 1965, he was wrongfully discharged and that their testimony was false, malicious and defamatory.

The plaintiff filed the suits numbered in the caption, in addition to other similar suits, in this district court. A number of motions were filed by the Government on behalf of the defendants and the plaintiff filed a number of motions.

On September 26, 1967, the Court appointed a distinguished member of the Missouri Bar, J. Paul Allred, to represent the plaintiff, pursuant to 28 U.S.C. § 1915, for the purpose of ascertaining whether or not the plaintiff was without funds and could qualify to sue in forma pauperis and whether or not the plaintiff had a meritorious cause of action.

On November 22, 1967, plaintiff's appointed counsel, after numerous interviews with the plaintiff and after reviewing some two hundred fifty exhibits, forty-five volumes of testimony taken at said hearing, aggregating in excess of six thousand pages of testimony, the letters, decision of AVCOM, the examiner's report of said hearings, the files in these cases, financial records of the plaintiff, and the law applicable to these particular causes of action, has reported that plaintiff is without funds to prosecute these lawsuits and has also reported that the defendants in these cases have an absolute defense.

The Government has heretofore filed a motion to dismiss these cases on the grounds that the actions and the testimony of the defendants relating to the plaintiff are privileged and within the scope of their duties as employees of the government.

The Court has carefully reviewed the cases and the files before this Court and is of the opinion that the defendant in each of these cases acted within the scope of his employment as an employee of AVCOM, and, accordingly, there is no liability because of the exercise of his official duties. See Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); S & S Logging Co. v. Barker, 366 F.2d 617 (9th Cir. 1966); Owen v. Kronheim, Jr., 113 U.S.App. D.C. 81, 304 F.2d 957 (1962); Gibson v. Reynolds, 172 F.2d 95 (8th Cir. 1949); 53 C.J.S. Libel and Slander § 103.

The causes of action in each of the above cases will be dismissed with prejudice.