**L. G. RUDERER, Plaintiff,**

v.

**Fred E. GERKEN, Defendant.***

**No. 67 C 123(1).**

United States District Court
E. D. Missouri, E. D.

April 22, 1968.

L. G. Ruderer, pro se.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., Irving L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, District Judge.

Plaintiff's two-count complaint was filed in this court alleging diversity and is presently before the court on defendant's motion to dismiss for failure to state a cause of action.

Cases are legion wherein the appellate courts have dealt with the problem of attempts to terminate litigation be-

---

* This is one of four companion cases: L. G. Ruderer, plaintiff, v. Charles W. Manahan, Defendant, 67 C 131(1); L. G. Ruderer, Plaintiff, v. Stanley S. Shepherd, Defendant, 67 C 247(1); L. G. Ruderer, Plaintiff, v. George W. Harrison, Defendant, 67 C 259(1).

lieved to be without merit by dismissing a complaint for failure to state a cause of action, and the appellate courts generally agree that in order to justify such a dismissal by the trial court it must appear as a matter of law that under no state of facts which the plaintiff could prove in support of the claims pleaded would he be entitled to any relief. The Supreme Court in Conley v. Gibson, 335 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed. 2d 80, said:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

And so, with respect to the motion to dismiss we must examine the plaintiff's petition and consider it in the light of this accepted rule. This complaint apparently drafted by the plaintiff, without aid, is of considerable length and is throughout characterized by an attempt at legal prose which is often excessively vague. It is designed to state causes of action for libel and slander, basing jurisdiction on diversity of citizenship with the requisite amount in controversy.

The complaint alleges that the plaintiff and defendant were employees of the United States Army Aviation Material Command (AVCOM). Plaintiff communicated with members of Congress concerning certain deficiencies he alleged he had observed in the operation of AVCOM relating to supply operations for the Vietnam War. He alleges that because of this there grew up a conspiracy among his fellow-employees and superiors to discredit him and cause him to lose his security clearance and his position with the government. The defendant is alleged to have taken part in various ways in the events within the governmental departments involved which resulted in the plaintiff's discharge, and in the process allegedly slandered plaintiff a number of times.

The court takes judicial notice of the fact that this case is one of fourteen which has been filed in this district against as many different defendants, being Causes Nos. 66C 307(2), 67C 113 (2), 67C 140(2), 67C 147(2), 67C 215(2), 67C 227(2), 67C 94(3), 67C 192(3), 67C 204(3), 67C 208(3), 67C 131(1), 67C 247 (1) and 67C 259(1).

An analysis of the complaint discloses that in truth and in fact plaintiff is claiming damages for the acts and statements made by the defendant as a Federal officer while in the line of duty, in that the allegations relate entirely to office memoranda, testimony at an official hearing, and other matters within the employment duties of the defendant. Under such circumstances the statements and publications of defendant as a Federal officer while acting in his official capacity are absolutely privileged. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Ward v. Hudnell, 5 Cir., 366 F.2d 247; Le Burkien v. Notti, 7 Cir., 365 F.2d 143. If such a privilege attaches, the motives of the defendant, of which much is made in the complaint, becomes irrelevant, and it must be concluded that successful prosecution of the plaintiff's suit is precluded as a matter of law. On such a conclusion dismissal is justified. Conley v. Gibson, 335 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; O'Bryan v. Chandler, D. C., 249 F.Supp. 51, 10 Cir., aff'd 252 F.2d 987.

For the foregoing reasons defendant's motion to dismiss is hereby sustained and plaintiff's complaint is hereby dismissed with prejudice.