614 F.2d 1128
 67 A.L.R.Fed. 311
 L. G. RUDERER, Plaintiff-Appellant,
v.
Gerald D. FINES, United States Attorney for the Southern
District of Illinois; Griffin B. Bell, United States
Attorney General and The United States of America; and John
C. Carver, Assistant United States Attorney for the Southern
District of Illinois, Defendants-Appellees.
 Nos. 79-1107 to 79-1109.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Jan. 17, 1980.*
Decided Feb. 6, 1980.
Rehearing Denied Feb. 21, 1980.
 
 L. G. Ruderer, pro se.
 Gerald D. Fines, U. S. Atty., Springfield, Ill., for defendants-appellees.
 Before SWYGERT, CUMMINGS and SPRECHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these consolidated appeals, the appellant, Louis G. Ruderer, challenges the propriety of the district court's summary dismissal of his complaints against Gerald D. Fines, the United States Attorney for the Central (then the Southern) District of Illinois, Griffin B. Bell, the former United States Attorney General, the United States, and John C. Carver, an assistant United States attorney, and the district court's denial of appellant's numerous post-judgment motions.
 
 
 2
 A fair reading of the appellant's complaints, motions, and requests in the record sustains the defendants' contention that the source of this controversy and the appellant's ultimate complaint is his dismissal from federal service in 1965. The appellant, a former civilian employee of the United States Army Aviation Materiel Command at St. Louis, Missouri, was dismissed for
 
 
 3
 knowingly having made irresponsible, false and malicious statements against other employees, supervisors and other officials with the intent to harm and destroy the reputation, authority or official standing of those concerned and for insubordinate attitude and misconduct; thereby bringing discredit upon the Command, the Department of the Army and the Federal Service.
 
 
 4
 Ruderer v. United States, 412 F.2d 1285, 1286, 188 Ct.Cl. 456, 458 (1969), cert. denied, 398 U.S. 914, 90 S.Ct. 1716, 26 L.Ed.2d 77 (1970). The appellant believing that his discharge was unjustified and unlawful commenced a plethora of lawsuits against fellow employees, see Ruderer v. Brown, 279 F.Supp. 707 (E.D.Mo.1967), aff'd sub. nom. Ruderer v. Meyer, 413 F.2d 175 (8th Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235 (1969) (defamation action against nine individuals dismissed); Ruderer v. Gerken, 284 F.Supp. 449 (E.D.Mo.1968) (same against four individuals), and various officials of the federal government, including former President Johnson, the former Chairman of the Civil Service Commission, John Macy, Cyrus Vance, and several federal judges, and the United States and various agencies thereof. See generally Ruderer v. United States, 412 U.S. 916, 93 S.Ct. 2728, 37 L.Ed.2d 143 (1973); Ruderer v. Johnson, 412 U.S. 936, 93 S.Ct. 2766, 37 L.Ed.2d 395 (1973); Ruderer v. Sessions, 412 U.S. 945, 93 S.Ct. 2780, 37 L.Ed.2d 406 (1973); Ruderer v. United States Army Aviation Material Command, 411 U.S. 928, 93 S.Ct. 1912, 36 L.Ed.2d 388 (1973); Ruderer v. United States, 412 U.S. 945, 93 S.Ct. 2781, 37 L.Ed.2d 406 (1973); Ruderer v. Vance, 412 U.S. 945, 93 S.Ct. 2781, 37 L.Ed.2d 406 (1973); Ruderer v. Kleindienst, 412 U.S. 964, 93 S.Ct. 3015, 37 L.Ed.2d 1013 (1973); Ruderer v. Wood, 419 U.S. 1099, 95 S.Ct. 768, 42 L.Ed.2d 795 (1975). In all, the defendants estimate that the plaintiff has initiated sixty-eight lawsuits, virtually all of which have been dismissed.
 
 
 5
 In an effort to stem a tidal wave of frivolous, vexatious and bad faith litigation initiated by the appellant, six federal courts have issued injunctions against him. See Ruderer v. Department of Justice, 389 F.Supp. 549 (S.D.N.Y.1974) (issuing injunction and noting the entry of similar injunctions in the federal district courts for the Eastern District of Missouri, the Eastern District of Illinois, the Western District of Texas, the Southern District of Illinois, and the District of Columbia). The Eighth Circuit, affirming the issuance of the injunction by the district court for the Eastern District of Missouri, sustained the district court's finding that the appellant's suit was filed "in bad faith and in furtherance of a personal vendetta against the United States." The appeals court then noted that, "Appellant has had his day in court; in this day of burgeoning court calendars, he must be restrained if others are to have theirs." Ruderer v. United States, 462 F.2d 897, 899 (8th Cir.) (per curiam ), appeal dismissed and cert. denied, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972).
 
 
 6
 The appellant has not confined his litigation to the United States district courts and, consequently, other courts have found it necessary to devise means to control his litigiousness. Although the Court of Claims ruled against him on the merits of his challenge of his dismissal from federal service, Ruderer v. United States, 412 F.2d 1285, 188 Ct.Cl. 456 (1969), cert. denied, 398 U.S. 914, 90 S.Ct. 1716, 26 L.Ed.2d 77 (1970), he has continued to seek redress unsuccessfully to be sure in that court. See Louis G. Ruderer, 208 Ct.Cl. 1019 (1976) (actions prosecuted under five docket numbers held barred by res judicata; plaintiff's motions for summary judgment, to restrain operation of Acts of Congress in repugnance to the Constitution, to amend order, for declaratory judgment, and for immediate adjudication also denied); Louis G. Ruderer, 210 Ct.Cl. 693 (1976) (actions or petitions filed under seven docket numbers dismissed with prejudice as frivolous). In its first order, the Court of Claims after dismissing Ruderer's actions held that "(t)he defendant is not obligated to respond to plaintiff's interrogatories and, hence forward, defendant is not required to respond to any paper filed by plaintiff in these cases unless specifically ordered to do so by the court." 208 Ct.Cl. at 1021. In its second order, the court decided that more expansive relief for the defendant was necessary. The court noted Ruderer's practice of "filing frivolous petitions in this court." It concluded that the real object of the "flood of new cases" was harassment, and therefore entered the following order:
 
 
 7
 1. The petitions in the above numbered cases are dismissed with prejudice as frivolous.
 
 
 8
 2. All motions by plaintiff in the above numbered or any other cases in this court, up to the date of this order, are denied.
 
 
 9
 3. All motions by defendant in the above numbered cases are denied as moot in view of this order.
 
 
 10
 4. Defendant is directed to make henceforward no response to any paper filed by Mr. Ruderer, under any docket number or caption, the above or any other, unless it is specifically ordered to do so by the court. Defendant is assured it will not be defaulted in any such case. If we desire defendant to answer or make any dispositive motion, we will so advise it, otherwise the prescribed times for any such answers or motions are to be deemed indefinitely suspended.
 
 
 11
 210 Ct.Cl. at 694.
 
 
 12
 The appellant, however, still remains uncontent with his days, weeks, and months in court. In 1977, the appellant commenced several lawsuits challenging the validity of the injunctions which had been entered against him by the federal district court for the Southern District of Illinois. The complaints were dismissed by the district court, and this court in an unpublished order affirmed. Ruderer v. United States, Nos. 77-1941 & 77-2009 (May 30, 1978). The affirmance is noted at 577 F.2d 749 (7th Cir. 1978). The Supreme Court denied certiorari. 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). In that order this court construed appellant's pro se complaint:
 
 
 13
 as requesting that 28 U.S.C. § 516[1] be declared unconstitutional because it allows the U.S. Attorney General to prohibit him from access to the courts to redress his claims stemming from his removal for cause from the Federal Service in 1965. Because section 516 does nothing more than concentrate the authority for the conduct of litigation in the Department of Justice and has no bearing on the underlying facts in this case, this Court assumes that the district court action was dismissed for failure to state a claim.
 
 
 14
 More importantly, however, to the extent that Ruderer's claim is remotely cognizable at law, it is barred by the doctrine of res judicata. Here, Ruderer is apparently attempting to challenge the validity of two injunctions entered against him by this same district court judge on June 24, and June 27, 1974, which prohibited him from bringing any new actions in the Southern District of Illinois against the United States, or any agent thereof which included claims which had previously been asserted in any action previously filed by him in any federal court.
 
 
 15
 The appellant apparently still dissatisfied with this court's disposition of his appeal renewed his efforts in the district court. On June 12, 1978, he initiated an action against defendant Fines. One month later he filed his complaint against defendants Bell and the United States. Finally, on September 21, 1978, he initiated this action against defendant Carver. The complaints were dismissed by the district court on December 5, 1978, precipitating a barrage of post-judgment motions including the appellant's "Notice of an Attack on the Constitutionality of an Act of Congress" and accompanying "Motion for Interlocutory and Permanent Injunction." Plaintiff appeals from the judgment dismissing each of his complaints and the denial of his sundry post-judgment motions. On his own motion the appeals have been consolidated.
 
 
 16
 We have examined with care the record and the appellant's long and generally incomprehensible briefs. We concur in the appellees' contention that the plaintiff's three complaints are frivolous, malicious, filed in bad faith, and totally devoid of any semblance of colorable merit. The complaints were properly dismissed and the district court's judgments are therefore affirmed. The sole issue remaining for our consideration is one that we raise sua sponte : Whether the appellees should be awarded damages and double costs. We believe that they should.
 
 
 17
 Rule 38 of the Federal Rules of Appellate Procedure provides:
 
 
 18
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 19
 See also 28 U.S.C. § 1912. Thus, the appellate court in order to award damages makes two determinations. First, it must determine that the appeal is frivolous. "A frivolous appeal means something more to us than an unsuccessful appeal." N. L. R. B. v. Lucy Ellen Candy Division, 517 F.2d 551, 555 (7th Cir. 1975). Second, the appellate court, in its discretion, must examine whether the appeal is an appropriate one for the imposition of a sanction. "(D)amages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Advisory Committee Note to Rule 38, 43 F.R.D. 155 (1968). Typically the courts have looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for the purpose of delay or harassment or out of sheer obstinacy. See Lucy Ellen Candy, 517 F.2d at 555; Mancuso v. Indiana Harbor Belt R. R., 568 F.2d 553 (7th Cir. 1978) (double costs and damages not less than $350 for preparation of appellate brief); Clarion Corp. v. American Home Products Corp., 494 F.2d 860, 865-66 (7th Cir.), cert. denied, 419 U.S. 870, 95 S.Ct. 128, 42 L.Ed.2d 303 (1974) ($2,500 and double costs assessed against pro se appellant in favor of each appellee); Acevedo v. Immigration & Naturalization Service, 538 F.2d 918 (2d Cir. 1976) (double costs in favor of government agency); N. L. R. B. v. Smith & Wesson, 424 F.2d 1072 (1st Cir. 1970) (costs plus $500 for expense in defending against frivolous appeal in favor of the NLRB).
 
 
 20
 The purpose of the rule is two-fold. First, it operates to compensate winners of judgments in the district court for the expense and delay of defending against meritless arguments in the court of appeals. Second, it seeks to deter such appeals and thus to preserve the appellate court calendar for cases worthy of consideration. See Clarion Corp., 494 F.2d at 865 (noting the appellant's conduct "has been frivolous and obstructive and has caused a shameful waste of judicial manpower"). The penalty aspect of the rule serves to vindicate public interests which go beyond compensating the appellee. Consequently, we believe that although ordinarily an award of damages and double costs would only be appropriate upon the motion of the appellee, in extraordinary cases such as this we may make such an award sua sponte. See 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3984 at 465 (1977).
 
 
 21
 As we have held above, these appeals are wholly and thoroughly frivolous. The first prerequisite for an award has thus been satisfied. The second prerequisite is met as well. It is evident that the appellant has wasted a good deal of the time of the district court and this court in reviewing his complaints which he filed with no serious intention of obtaining relief and solely for the purpose of harassment. His conduct, therefore, has burdened not only the defendants, but also the courts and derivatively other litigants who seek the prompt adjudication of their claims. We note that the appellant persists in mounting his self-styled "Attack on the Constitutionality of an Act of Congress" a claim which we have seen in this court before and which the appellant has apparently sought to litigate in the Court of Claims as well. See Louis G. Ruderer, 208 Ct.Cl. 1019 (1976).[2] We are cognizant that the appellant has proceeded pro se in these actions. We consider this as militating against a finding that these appeals were prosecuted without any reasonable expectation of obtaining relief from the district court's judgments. Yet, the appellant by this time is certainly not without some practical experience with the law. His entire course of conduct in this case compels us to conclude that the assessment of damages is necessary in order to curb the appellant's litigious proclivities. In this case, we believe that damages in the amount of $2,500 to be divided equally among the appellees are warranted, see Clarion Corp., supra, as well as double costs.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively decided that oral argument was unnecessary. The notice provided that any party could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 2, 34(a); Circuit Rule 14(f). Neither party filed such a statement. Upon consideration of the briefs and the record, the appeal is submitted for decision without oral argument
 
 
 [1]
 28 U.S.C. § 516 captioned "Conduct of litigation reserved to the Department of Justice" provides:
 Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.
 
 
 [2]
 The appellant has also attempted to invoke 28 U.S.C. § 2282, a statute repealed by Congress in 1976, see 90 Stat. 1119 (1976), as a device to obtain review of the adverse district court judgment by a three-judge district court. This is not the first time he has used this tactic. See Ruderer v. United States, 462 F.2d 897, 898 n.1 (8th Cir.) (per curiam ), appeal dismissed and cert. denied, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972)