Minniel **FERGUSON–BEY**

v.

**NATIONAL ORGANIZATION FOR WOMEN, et al.**

Civ. No. Y–83–4346.

United States District Court, D. Maryland.

July 23, 1984.

Minniel Ferguson-Bey, pro se.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The plaintiff, a former employee of defendant Lever Brothers, is suing the National Organization for Women and its local chapter (which were responsible for bringing a sex discrimination suit against Lever Brothers), several union officials representing workers at Lever Brothers, and attorneys who were involved in *NOW v. Lever*

*Bros.,* litigation filed and settled in 1980. The plaintiff paid the required $60.00 fee when she filed this complaint. The complaint was referred to this Court because it was related to other litigation handled by this Court, and, after consideration, the Court determined that summons and process must be served in the case. However, when the plaintiff was asked to pay for the service of process in this case, she filed an application for leave to proceed *in forma pauperis* and now seeks a refund of the filing fee she paid.

■ In considering this application, the Court must determine whether there is merit to the complaint, or whether it should be dismissed because it is frivolous or malicious. 28 U.S.C. § 1915(d). The test to be applied is whether the Court finds beyond doubt and under any arguable construction of the plaintiff's claim that she would not be entitled to relief. *Boyce v. Alizaduh,* 595 F.2d 948, 951–52 (4th Cir.1979).

■ As background, the Court notes that this is the fifth action involving the plaintiff in which she has raised a complaint about her employment with Lever Brothers or about the litigation springing from it. The history of each of these cases need not be repeated, since the procedural details were discussed in the memoranda issued May 21, 1984, in the cases captioned *Minniel Ferguson-Bey v. Lever Bros.* 586 F.Supp. 1435 (D.C.Md.1984). However, by way of summary, the Court notes that in her first case, counsel was appointed and a trial resulted in a defendant's verdict, which was affirmed on appeal. Two other cases were brought against Lever Brothers alleging racial discrimination in employment and were dismissed in orders attached to the above-cited memoranda because the plaintiff apparently lied in her applications for leave to proceed *in forma pauperis.* The other case, in addition to this claim, is *NOW v. Lever Brothers,* docketed as Civil No. Y–80–1340, a class action suit which was settled by the parties, and in which the plaintiff here is attempting to block distribution of the settlement payment.

The complaint now before the Court reflects a shotgun approach to litigation, if ever there was one. The gravamen of the complaint is that the defendants have conspired together to prevent this Court from hearing the merits of the claims the plaintiff has brought against the defendants in other matters. Citations of authority in the complaint range from the ridiculous (the "Federal Tort Claims Act," although, mercifully, the federal government is not a defendant) to the unsophisticated (the "Equal Access to Justice Act," presumably 5 U.S.C. § 504, although, of course, the plaintiff is not seeking attorneys' fees for successful prosecution of a suit or administrative proceeding challenging conduct of a federal agency or department) (*see* H.Conf. Rep. No. 94–1434, 96th Cong., *reprinted* in 1980 U.S.Code Cong. & Ad.News 4953, 5009).

However, giving this *pro se* complaint a liberal reading, as required under *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), several of the plaintiff's claims must be discussed.

The first area of the complaint raised by the plaintiff involves her claims that the attorneys involved in the prior cases have engaged in a conspiracy to block her access to the courts by opposing her motions, by failing to return her phone calls, and by failing to provide her with promised information. The plaintiff does not state a cause of action under 42 U.S.C. § 1983 since it is well settled that attorneys do not act "under color of state law" simply by being officers of the court, and the Court can envision no other possible connection to state law, as required by § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 449–50, 70 L.Ed.2d 509 (1981); *Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir.1980). The Court knows of no other avenue to establish a federal claim for the alleged conduct of the attorneys.

The second area of the complaint is that the union defendants have discriminated against her and other blacks in providing representation. Unions do owe a duty of fair representation, and are not allowed to

discriminate against their members. *Wyatt v. Interstate & Ocean Transport Co.*, 623 F.2d 888, 890 (4th Cir.1980). However, the plaintiff's allegations, with regard to union discrimination in representation, raise only vague and conclusory claims, and are, therefore, frivolous on their face. *Green v. White*, 616 F.2d 1054, 1055 (8th Cir.1980).

The plaintiff also claims in several sections of her complaint that NOW has not represented her as "ordered" by this Court in the *NOW v. Lever Brothers* action. A review of the file and the transcript of the hearing held on the class action settlement in that case reveals that no such order was entered.

The remaining claim of the plaintiff is that the attorneys have conspired among themselves to keep secret more than $7,000 in interest which has accumulated on the cash settlement awaiting disbursement. Such an allegation is also frivolous on its face, as papers filed with this Court in June, 1984, indicate that the attorneys responsible for disbursing the fund have included the interest in their planned distribution of the fund.

For the reasons stated herein, the Court dispenses with the necessity of an answer and dismisses the complaint as frivolous.