Adam KLIMEK

v.

Donald R. HUNTER, et al.

Adam KLIMEK

v.

William L. DICKENS.

Adam KLIMEK

v.

NORFOLK & WESTERN RAILWAY CO., INC., et al.

Adam KLIMEK

v.

Sidney BARNEY, et al.

Adam KLIMEK

v.

Judge Richard L. WILLIAMS, et al.

Adam KLIMEK

v.

Robert J. WAGNER, et al.

Adam KLIMEK

v.

Derrick S. KEIFER.

Civ. A. Nos. 85–0375–R, 85–0446–R, 85–0715–R, 85–0804–R, 85–0816–R, 85–0864–R and 85–0875–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 17, 1985.

Adam Klimek, pro se.

James W. Hopper, Gardner, Moss & Hopper, Linwood T. Wells, Jr., Asst. Atty. Gen., Michael W. Smith, David C. Kohler, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for defendants.

OPINION AND ORDER

WARRINER, District Judge.

Presently under consideration by this Court is a motion for reconsideration filed by plaintiff in *Klimek v. Dickens,* Civil Action No. 85–0446–R, and the question of the proper disposition of six other cases filed by the same plaintiff in this Court.

As of this date, plaintiff has filed ten separate actions in this district. Four of these cases have been closed; six of them are presently pending before this Court. A review of plaintiff's litigious path through the federal courts is in order.

The first action filed by Klimek was *Klimek v. Bolger, et al.,* Civil Action 81–0731–R. In that action, Klimek alleged that the Postal Service had unlawfully terminated mail service to his home. That action was

scheduled for trial on the merits on 25 February 1982 but plaintiff failed to appear for the trial. Consequently, Judge Clarke granted defendant's motion for involuntary dismissal for failure to prosecute, failure by plaintiff to follow the Court's pretrial order, and failure of plaintiff to exhaust administrative remedies. Judge Clarke dismissed the case with prejudice and subsequently awarded counsel fees to defendants. The Fourth Circuit dismissed Mr. Klimek's appeal for want of prosecution pursuant to Local Rule 10.

On 25 February 1983 plaintiff filed a complaint styled *Klimek v. Bolger*, et al., Civil Action 83–0139–A–R. The complaint in that case was identical in every respect to the complaint filed in Civil Action 81–0731–R, except that appended to the complaint in Civil Action 83–0139–A–R was an affidavit in support of a request to proceed *in forma pauperis.* On 25 February 1983, Judge Merhige denied Klimek's motion to proceed *in forma pauperis.* On 8 March 1983 Judge Merhige ordered that the matter be placed among the ended causes because plaintiff failed to pay the appropriate fees. On 22 July 1983 the Clerk of the Fourth Circuit dismissed Mr. Klimek's appeal for want of prosecution pursuant to Local Rule 10.

On 9 April 1985, plaintiff filed a petition for writ of habeas corpus in Civil Action 85–0376–R, styled *Klimek v. Hartman,* seeking to overturn his convictions for resisting arrest, destroying personal property, and brandishing a firearm. On 22 July 1985, Judge Merhige denied the petition for writ of habeas corpus because the petition contained conclusory allegations which Klimek had failed to remedy despite being ordered by the Court to do so.

On 29 April 1985, Klimek filed Civil Action 85–0446–R, styled *Klimek v. Dickens, et al.* That action was virtually identical to several other cases still pending before the Court in which Klimek alleges that his constitutional rights were violated because an off-duty Petersburg police officer assaulted him and because various government officials assertedly did not assist him in vindi-

cating his rights. Judge Williams dismissed the action on 11 October 1985 because Klimek exceeded the 120-day limit for serving process on the defendants, as he was required to do under Rule 4(j) of the Federal Rules of Civil Procedure. Although this case is marked as "Closed" by the Clerk's office, presently pending is Klimek's motion for reconsideration, which was filed on 12 November 1985.

In addition to these closed cases, there are six open cases. The first of these is *Klimek v. Hunter, et al.,* Civil Action 85–0375–R. That action is virtually identical to *Klimek v. Dickens,* Civil Action No. 85–0446–R. The complaint asserts that Donald Hunter, an off-duty Petersburg police officer, assaulted plaintiff, and further alleges numerous violations of plaintiff's constitutional rights by various State and municipal governmental officers. Presently pending before the Court are five motions to dismiss the action which cover almost all of the nineteen (19) defendants.

On 10 September 1985, Klimek filed a suit against six defendants in the case of *Klimek v. Norfolk & Western Railway Co., et al.,* Civil Action 85–0715–R. Although Klimek's claim is not entirely clear from the complaint, he appears to allege that the Railway allowed two of the defendants wrongful access across Mr. Klimek's land and that those two defendants assaulted plaintiff when he attempted to stop them. Mr. Klimek also is suing the Petersburg district court judge who dismissed his State court motion for judgment. Plaintiff in this suit asserts that the basis for federal jurisdiction is 42 U.S.C. § 1983 and various portions of the federal Constitution, *inter alia.* Process has not yet been served in that action.

On 15 October 1985, Klimek filed an action against the Commonwealth's Attorney for the City of Petersburg and against the Commonwealth of Virginia under the doctrine of *respondeat superior.* (*Klimek v. Barney, et al.,* Civil Action 85–0804–R). Mr. Klimek claims in that case that the Commonwealth's Attorney for the City of Petersburg violated his constitutional

rights by writing a letter to United States Senator Trible in which allegedly libelous and false statements were made regarding plaintiff and his family. The asserted basis for jurisdiction again is 42 U.S.C. § 1983 and various sections of the federal Constitution, *inter alia.* The complaint also has not yet been served in that action.

On 23 October 1985 plaintiff filed suit against various officers of the federal courts, including United States District Judges Williams and Merhige, and against the United States under the doctrine of *respondeat superior.* (*Klimek v. Williams, et al.,* Civil Action 85–0816–R). The complaint asserts that the judges and other federal court officers violated Mr. Klimek's constitutional rights by interfering with his access to the courts and, in the case of the judges, by dismissing his various federal lawsuits. Plaintiff again claims that federal jurisdiction in that action lies under 42 U.S.C. § 1983 and various sections of the federal Constitution, *inter alia.* Service of process has not yet been made in that action.

On 19 November 1985, Klimek filed an action against the Norfolk & Western Co. and twelve other defendants, ten of whom are John Does, in the case of *Klimek v. Wagner, et al.,* Civil Action 85–0864–R. Klimek alleges in that case that two of the defendants vandalized his property and turned a hunting dog loose on Klimek. These two defendants are two of the defendants named in *Klimek v. Norfolk & Western Railway Co.,* Civil Action 85–0715–R, and the action appears to stem out of the same incident that gave rise to Civil Action 85–0715–R. Again, Klimek alleges that the claim is based upon 42 U.S.C. § 1983, 42 U.S.C. § 1985, and various portions of the federal Constitution. No process has been served in that action.

On 21 November 1985, Klimek filed the action of *Klimek v. Keifer, et al.,* Civil Action 85–0875–R. In that action, Klimek has named 42 defendants. Plaintiff alleges that two of the defendants threw some litter at the end of his driveway and that he chased those two defendants. He further alleges that the two defendants refused to pick up the paper despite being confronted by Klimek. Plaintiff asserts that he could not complete the complaint at the time it was filed because he believed that he had to file on 21 November 1985 in order to avoid a bar by the statute of limitations. In any event, Klimek does not indicate in any way how the other 40 defendants are involved in the action. Jurisdiction is alleged, *inter alia,* under 42 U.S.C. §§ 1983 and 1985 and under various provisions of the federal Constitution. The complaint has not yet been served in that case.

Confronted with this trivial litigation, I must decide upon a rational, and legal, disposition. A federal district court clearly has the power to dismiss actions displaying a pattern of frivolous and vexatious claims. One source of this power lies in the Court's inherent power and duty to control the judicial process. Professor Moore has described this power as well as any commentator:

> All courts, federal and state, have a broad and inherent power "over their own process to prevent abuses, oppression, and injustice" so "as not to produce hardship"; and to do substantial justice.
>
> ....
>
> Utilizing its broad, inherent power, which does not depend on statute, a court will dismiss an action that is: collusive; sham; frivolous; harassing and vexatious; vexatious; vexatious and fraudulent; brought for an improper ulterior purpose; being utilized for "a dishonest and corrupt purpose on the part of the complainant and his solicitor"; brought "in bad faith and as a mere blackmailing scheme." These principles are in accord with, and flow from, the historical development of the power, that may be invoked at any time during the progress of the action. A motion invoking the power is not limited or impaired by Federal Rule 12(b), which does not govern. And the power may be invoked on motion of a party, including an intervening party; or by the court on its own motion.

1 Moore's *Federal Practice*, ¶ 0.60[6], at pp. 634–36 (footnotes omitted).

The reported cases reveal that several federal courts have exercised, or have affirmed the exercise of this power. In *Brown v. District Unemployment Compensation Board*, 411 F.Supp. 1001 (D.D.C. 1975), the district court cited the above-quoted section of 1 Moore's *Federal Practice* (¶ 0.60[6]) to support its refusal to vacate a district court order which had dismissed an action *sua sponte*. The judge in Brown found that the action was frivolous or brought for an ulterior purpose. *Id.* at 1001–02. The Court held that good reason existed for immediate dismissal because the complaint had named 23 individual defendants; it had rambled on for 98 pages, "making a myriad of allegations;" the plaintiff had sent out scandalous interrogatories; and because plaintiff had admitted to the court that he had brought nearly identical claims on at least seven previous occasions, each of which had been summarily dismissed. *Id.* at 1002.

Other courts have used more specific grounds to dismiss frivolous suits. In *Ferguson-Bey v. National Organization for Women*, 587 F.Supp. 1046 (D.Md.1984), the court dismissed the latest of a series of five actions filed by the plaintiff, all of which had arisen from the same set of operative facts. The prior actions had resulted in a defendant's verdict, two dismissals, and a settlement, respectively. *Id.* at 1047. The Court's rationale in rejecting the suit is evident in the opinion:

> The complaint now before the court reflects a shotgun approach to litigation, if ever there was one. The gravamen of the complaint is that the defendants have conspired together to prevent this Court from hearing the merits of the claims the plaintiff has brought against the defendants in other matters. Citations of authority in the complaint range from the ridiculous … to the unsophisticated.

*Id.* The court dismissed the complaint under 28 U.S.C. § 1915(d), finding that "beyond doubt and under any arguable construction of the plaintiff's claim" she was not entitled to relief. *Id.*

More closely on point with respect to the present case is *Ruderer v. Fines*, 614 F.2d 1128 (7th Cir.1980). Appellant's ultimate complaint in that action was that he had been unlawfully dismissed from federal service in 1965. He commenced "a plethora of lawsuits against fellow employees … and various officials of the federal government, including former President Johnson, the former Chairman of the Civil Service Commission, John Macy, Cyrus Vance, and several federal judges, and the United States and various agencies thereof." *Id.* at 1130 (citations omitted).

In the action before the Seventh Circuit in *Ruderer v. Fines*, the appellant challenged the district court's summary dismissal of his complaints brought against the U.S. Attorney for the Southern District of Illinois, the U.S. Attorney General, the United States, and an assistant U.S. attorney. That action was the latest in a series of lawsuits estimated to total 68 in all, virtually all of which had been dismissed. *Id.* As of the Seventh Circuit's decision in 1980, six federal courts had issued injunctions against the plaintiff and several courts had found that his claims had been brought in bad faith or in furtherance of a " 'personal vendetta against the United States.' " See *Id.* at 1130–31.

The Seventh Circuit in *Ruderer v. Fines* set out at some length the course of the appellant's various actions in the federal courts. A review of the various reported actions reveals that the federal courts became increasingly impatient with the bad faith and frivolousness displayed by the plaintiff in his repeated filing of similar actions in the federal courts. See, e.g., *Ruderer v. United States*, 462 F.2d 897, 898 (8th Cir.), *cert. denied and appeal dismissed*, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972); *Ruderer v. Department of Justice*, 389 F.Supp. 549, 550 (S.D. N.Y.1974); *Louis G. Ruderer*, 529 F.2d 533, 208 Ct.Cl. 1019, 1020 (1976). In *Ruderer v. Fines*, the Seventh Circuit fol-

lowed a similar path in dismissing appellant's claims. The court held:

> We have examined with care the record and appellant's long and generally incomprehensible briefs. We concur in the appellees' contention that the plaintiff's three complaints are frivolous, malicious, filed in bad faith, and totally devoid of any semblance of colorable merit.

614 F.2d at 1132.

I am aware that the situation presented by the cases presently pending before the Court is not precisely the same as those circumstances found in the cases discussed above. *Brown v. District Unemployment Compensation Board, Ferguson-Bey v. National Organization for Women*, and the various *Ruderer* cases each involved a plaintiff who continually filed actions that arose from the same operative facts as those in previously filed actions. Such also is the case with several, but not all of the actions filed by Mr. Klimek. Furthermore, the circumstances presented by the case factually most identical to the situation forced upon this Court by Mr. Klimek, *Ruderer v. Fines*, involved a plaintiff who had filed an estimated 68 lawsuits, see 614 F.2d at 1130, whereas Mr. Klimek has filed a "mere" ten lawsuits as of this date.

Despite these differences, Mr. Klimek's lawsuits, whether taken individually or together, smack of the same element found in *Ruderer, Ferguson-Bey*, and *Brown*, *i.e.*, the irrational abuse of the courts and the judicial process for a purpose other than the exercise of the need for recourse to a court of oyer and terminer. The pattern of plaintiff's lawsuits makes it evident that it is the *process*, or at the very least the threat to use the judicial process, that plaintiff desires to pursue, not the resolution of meritorious claims. These suits obviously arise from a fervid mind, one which is so bent that it could conceive of two boys littering plaintiff's driveway with paper as involving a right protected by the United States Constitution. I don't believe we have to wait until the ridiculous becomes ludicrous to act.

For the courts (and the taxpayers) to have to suffer such effusion is intolerable. Each of these cases involves, at the least, the expenditure of hundreds of dollars that someone earned and paid to the federal government in taxes. These frivolous actions involve hours of time expended by judges, deputy clerks, law clerks, secretaries, marshals, court reporters, and others employed by the federal government, all of whom are charged with serious duties and responsibilities which must be delayed or neglected to attend to the foolishness typical of these lawsuits.[1]

Even worse is the effect of these frivolous suits upon the defendants against whom these actions have been brought. So far Adam Klimek has sued a total of 89 persons, 18 of whom have been sued more than once by him. In addition to the understandable consternation accompanying one's being served in a federal suit, many defendants have felt and will feel compelled (quite properly) to seek the advice of legal counsel. If each of the defendants in each one of plaintiff's suits had consulted lawyers who, magically, exercised restraint in setting a fee and charged each client only $100 to represent him, the aggregate cost immediately is $8,900.00.

For a court to pretend that it is powerless to do anything about this abuse of the judicial process but take the "safe and accustomed" route of dealing with these cases as if they had merit and were entitled to serious consideration would be to trivialize lawsuits. Such a court should not be respected; it should be the subject of scorn.

Whether Adam Klimek is simply a nut, I don't know. But I do know that he is

---

1. Mr. Klimek also has made a habit of repeatedly engaging deputy clerks in nagging conversations regarding his case, has sought *ex parte* contact with judges, and has continually badgered law clerks regarding his various claims. In short, Mr. Klimek has made a pest of himself in the courthouse. Although to my knowledge he has never been obstreperous, he is nevertheless frequently at the elbow of courthouse personnel, importuning with respect to his pending actions.

behaving like one before this Court and I don't intend to deal with him as a serious person. I intend to take appropriate action to end this abuse of the judicial process. I bear in mind the Supreme Court's admonition that papers filed by *pro se* litigants are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, reh. denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). The utter lack of merit in Mr. Klimek's lawsuits and the frivolous path he has trod through the judicial system, however, prevent his pleadings from rising even to the lower standard to which a *pro se* plaintiff is held.

All of plaintiff's lawsuits will be DISMISSED and his motion for reconsideration in Civil Action 85–0446–R is DENIED. He will not be permitted to file any further actions in this Court of any nature unless the allegations of fact be sworn to and unless the suit be supported by a certificate on his oath that he believes he is entitled to relief against each person sued. If it appears that Mr. Klimek has violated either such oath in any material regard, the matter will be referred to the United States Attorney for prosecution, for perjury, or other appropriate action.

Furthermore, any such action tendered, whether a fee is paid or not, will be referred to a judge of this Court to determine whether a bona fide or arguable claim has been made and whether the terms of the injunction have been complied with. Absent such a finding by a judge of this Court, filing will be refused by the Clerk of the Court.

An injunction incorporating these provisions SHALL issue and be served on plaintiff.

If plaintiff intends to appeal this order and the accompanying judgments, he must do so by filing notices of appeal in each such case with the Clerk of this Court within thirty days, as required by Federal Rule of Appellate Procedure 4(a)(1).

And it is so ORDERED.