MEMORANDUM **
Catherine Jane Von Kennel Gaudin and John R. Remis, Jr. appear before this court for the fourth time, litigating whether the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25,1980,19 I.L.M. 1501 (the “Convention”) requires the return of their children to Gaudin’s custody in Canada. As the facts are known to the parties, they will not be repeated here, except as necessary to our decision.
In the current appeal, Gaudin asks us to reverse the district court’s 2001 decision refusing to vacate the Hawaii state court custody order governing the custody of the parties’ children. She argues that because the state issued its judgment while her federal claim under the Convention was pending, it was premature. See Convention, art. 16, 19 I.L.M. at 1501. (“[T]he judicial or administrative authorities of the Contracting State to which the child has been removed ... shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention.... ”). The Convention, however, applies only to children who are under sixteen years of *134 age. Id. art. 4, 19 I.L.M. at 1501. The parties’ children are now seventeen and nineteen. Thus, “this matter truly [is] moot.” Gaudin v. Remis (Gaudin II), 379 F.3d 631, 638 (9th Cir.2004).
Additionally, Gaudin asks this court to award attorneys’ fees. Such a motion generally must be filed before the district court no later than fourteen days after entry of judgment. See Fed.R.Civ.P. 54(d)(2); D. Haw. Local R. 54.3(a). Gau-din filed no such motion, and offers no explanation for this omission. Since she failed to requést fees before the district court, she has waived this claim.
Remis asks this court to sanction Gaudin for raising a frivolous appeal. Federal Rule of Appellate Procedure 38 provides:
If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
Despite quoting this language in full in his brief, Remis has not filed a separate motion with this court requesting fees. Therefore, we may award them only if we provide Gaudin with notice and a reasonable opportunity to respond.
We decline to sanction Gaudin, however. Before sanctioning a litigant for appealing a district court’s judgment, we “[t]ypically ... have looked for some indication of the appellant’s bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court’s judgment and for the purpose of delay or harassment or out of sheer obstinacy.” Ruderer v. Fines, 614 F.2d 1128, 1132 (7th Cir.1980). Although none of her claims are meritorious, we do not believe that Gaudin so abused the judicial process as to warrant sanction.
For these reasons, the judgment of the district court is AFFIRMED. The appellant shall bear the costs of this appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.