**L. G. RUDERER, Appellant,**

v.

**UNITED STATES of America, Through Howard F. Schlitz, Major General, Appellee.**

**No. 72–1146.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1972.

Decided July 11, 1972.

Rehearing and Rehearing En Banc
Denied Aug. 24, 1972.

L. G. Ruderer, filed briefs pro se.

Daniel Bartlett, Jr., U. S. Atty., and J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, HEANEY, and BRIGHT, Circuit Judges.

PER CURIAM.

L. G. Ruderer brought this action pro se against the United States, seeking damages for the allegedly tortious and criminal acts of certain military personnel and administrators of the United States Army Aviation Material Command (AVCOM). The district court

dismissed the action on the ground that the complaint failed to state a cause of action under the Federal Torts Claims Act. In addition, the district court issued an injunction which bars Ruderer from bringing further suits in the United States District Court for the Eastern District of Missouri on Ruderer's claim that he was discharged wrongfully from a position which he held at AVCOM.[1] Ruderer brings this timely appeal, contending that the district court erred in dismissing the action and in issuing the injunction. We affirm.

The facts have been reported in an earlier decision of this court, Ruderer v. Meyer, 413 F.2d 175 (8th Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 280, 24 L. Ed.2d 235 (1969), and will be only briefly summarized here. In 1964, appellant was notified in writing of his discharge from a position which he held at AVCOM. The notification contained charges that appellant had made false, irresponsible, and malicious charges against fellow employees. Appellant requested and was granted a formal hearing on these charges. At the hearing, many of appellant's fellow employees testified in support of the charges against appellant. Following extensive administrative review of the hearing transcript, appellant's discharge was upheld in 1967.

Subsequently, appellant filed twenty-one actions against fellow employees at AVCOM, alleging in each action that the employee had conspired wrongfully to discharge appellant and that the employee had defamed appellant at the formal hearing. All of these actions were filed in the United States District Court for the Eastern District of Missouri, and most were dismissed for failure to state a cause of action. This court affirmed the judgments entered in nine of these actions, ruling that the statements made at the hearing were privileged. Ruderer v. Meyer, *supra.* The court said:

> [W]e hold * * * that the allegedly defamatory statements of the respective present defendants were made within the scope of official duties and were privileged. [413 F.2d at 180]

In the present action, appellant seeks to recover damages from the United States on the theory that, since his fellow employees were acting within the scope of official duties, the United States must assume liability for their allegedly tortious and criminal acts. Appellant's lengthy pro se complaint alleges, *inter alia,* that his fellow employees published libelous statements about him, made defamatory statements about him, conspired to deprive him of his civil rights, and conspired to commit perjury and misprision. The district court construed the complaint to state a libel claim and dismissed the action, ruling that an action for libel may not be brought under the Federal Torts Claims Act. *See* 28 U.S.C. § 2680(h).

■ We hold that the district court properly dismissed the action. The United States has not consented to be sued for any of the acts allegedly committed by appellant's fellow employees. The sovereign immunity doctrine, which is rooted in the concept that the king can do no wrong, precludes suits against the United States unless the United States waives its immunity by consenting to be sued. *See, e. g.,* United States v. Sherwood, 312 U.S. 584, 586–588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Gnotta v. United States, 415 F.2d 1271, 1276–1277 (8th Cir. 1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). Since the United States did not waive its immunity in the present suit, the suit was not within the jurisdiction of the district court. *See, e. g.,* United States v. Sherwood, *supra;* Gnotta v. United States, *supra.*

---

1. After the district court issued its order, Ruderer requested that a three judge court be convened to review the order. The district court properly denied the request, ruling that the correct procedure for review would be an appeal to this court. *See* 28 U.S.C. § 1291.

We now turn to appellant's contention that the district court exceeded its authority in enjoining appellant from bringing further suits in the United States District Court for the Eastern District of Missouri on appellant's claim of wrongful discharge.[2] In our view, appellant's affinity for litigation, standing alone, would not provide a sufficient reason for issuing such an injunction. We believe, however, that the district court acted properly in this case. The district court found that appellant filed the present suit in bad faith and in furtherance of a personal vendetta against the United States. The district court also found that appellant had been afforded a full opportunity to present his claims and that further suits on these claims would uselessly consume the court's time. We have thoroughly reviewed the record, and we agree with these findings. Given these findings, the district court acted properly in issuing the injunction. *See* Kinnear-Weed Corp. v. Humble Oil & Refining Co., 441 F.2d 631, 637 (5th Cir. 1971); Clinton v. United States, 297 F.2d 899, 901–902 (9th Cir. 1961); Meredith v. John Deere Plow Co., 261 F.2d 121 (8th Cir. 1958), cert. denied, 359 U.S. 909, 79 S. Ct. 586, 3 L.Ed.2d 574 (1959). Appellant has had his day in court; in this day of burgeoning court calendars, he must be restrained if others are to have theirs. Affirmed.

2. The injunctive order reads as follows: [I]t is hereby ORDERED that plaintiff be and is permanently and forever enjoined from commencing any proceeding in the United States District Court for the Eastern District of Missouri in an attempt to relitigate facts surrounding his discharge from the United States Army Aviation Material Command and/or any right or question of fact or law he asserted in Ruderer v. Gessner, No. 66 C 307(2); Ruderer v. Brown and Riddle, No. 67 C 113(2); Ruderer v. Dittman, No. 67 C 140(2); Ruderer v. Smith, No. 67 C 147(2); Ruderer v. Koziboski, No. 67 C 215(2); Ruderer v. Black, No. 67 C 227(2); Ruderer v. Fox, No. 67 C 94(3); Ruderer v. Meyer, No. 67 C 192 (3); Ruderer v. Ambrose, No. 67 C 204 (3); Ruderer v. Phillips, No. 67 C 208 (3); Ruderer v. Gerken, No. 67 C 123 (1); Ruderer v. Manahan, No. 67 C 131(1); Ruderer v. Shepherd, No. 67 C 247(1); Ruderer v. Harrison, No. 67 C 259(1); Ruderer v. Clark, Riddle, Manahan, Shepherd, Harrison and Jaffe, No. 68 C 282(3); Ruderer v. Schlitz, Lapsley, Dittman, Wittwer, Smith and Sonntag, No. 68 C 321(3); Ruderer v. Gerken, Smith, Gessner and Maulding, No. 68 C 316(1); Ruderer v. Johnson, Vance, Macy, Parker, Ries and Phillips, No. 68 C 493(2); Ruderer v. Harper, Meredith and Regan, No. 69 C 360(1); Ruderer v. Harrison, No. 70 C 533(2); Ruderer v. Spurlock, No. 70 C 608(3); and Ruderer v. United States, No. 71 C 491(3).