In re Jeffrey RUGLEY, Debtor.

The TREMONT SAVINGS & LOAN ASSOCIATION, Movant,

v.

Jeffrey RUGLEY and Trustee Elise Davis, Respondents.

Bankruptcy No. LAX 87–50344 JNB.
Reference No. MX 7–50462–JNB.

United States Bankruptcy Court,
C.D. California.

June 9, 1987.

---

Steven J. Melmet, Tustin, Cal., for movant.

Jeffrey Rugley, in pro per.

## ORDER DENYING MOTION FOR RECONSIDERATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.*

Heard on May 19, 1987, on the debtor's motion for reconsideration of this Court's order of March 13, 1987, granting Tremont Savings and Loan Association relief from the automatic stay.

■ This motion is nothing more than another attempt by the debtor, to delay foreclosure of property located at 504 North Sloan Avenue, Compton, California. Tremont obtained relief from the automatic stay, after a full hearing before Judge Barr, on March 13, 1987, and the debtor filed the instant motion on April 6, 1987.

■ As a preliminary matter, the motion is not timely filed under Fed.R.Civ.P. 59(e), made applicable by Bankruptcy Rule 9023. Moreover, there has been no allegation of grounds for relief under Fed.R.Civ.P. 60(b). In addition to the absence of formal allegations, however, there is absolutely no merit in debtor's motion. The only creditors listed on debtor's petition and schedules concern this property. The petition lists three prior bankruptcy filings, the last of which was dismissed on January 6, 1987. Ten days thereafter, the debtor filed his present Chapter 13 petition on January 16, 1987, and Tremont, a secured creditor, obtained relief from stay on March 13. The repeat filings constitute a clear abuse of the bankruptcy system, by a new invocation of the automatic stay whenever creditors were about to proceed against the property. The motion for reconsideration raises no new matters, but seeks only to relitigate the same facts and issues which have previously been decided against the debtor. As such, the motion has been interposed for an improper purpose, namely to prevent the secured creditor from exercising the rights it obtained by the March 13 order lifting the stay. The debtor's motion for reconsideration is denied.

■ Because the debtor's use of the bankruptcy system has repeatedly been without good faith, sanctions are appropriate, and the debtor is ordered to pay $300 to Tremont Savings and Loan Association as the cost of opposing this frivolous motion. Also, the debtor is enjoined, for a period of six months, from filing any plead-

---

* Of the District of Rhode Island, sitting by designation.

**96**

ings, motions or Chapter 13 petitions without first obtaining leave of the Court, after a showing of good cause. *See Cashman Investment Corp. v. Robinson (In re Bradley)*, 38 B.R. 425 (Bankr. C.D. Cal. 1984).