See also, Bkrtcy., 105 B.R. 59.

**In re Don Byron REILLY and Mary Lou Reilly, Debtors.**

**Don Byron REILLY and Mary Lou Reilly, Appellants,**

**v.**

**Bruce H. HUSSEY, Trustee, Appellee.**

**BAP No. MT–89–1501 VJP.**
**Bankruptcy No. 86–2004.**
**Adv. No. 88–0065.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 14, 1990.

Decided May 3, 1990.

---

Don Byron Reilly, Mary Lou Reilly, pro se.

Before VOLINN, JONES and PERRIS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### BACKGROUND

The debtors/appellants (husband and wife) were long-time farmers in Montana. In the years before their bankruptcy, their farming income decreased, and they were forced to supplement their income by engaging in non-farming occupations. They initially filed a bankruptcy case under chap-

ter 11, but the bankruptcy court eventually converted the case to chapter 7 for failure to effectuate a plan. The debtors objected to conversion under § 1112(c),[1] but the court held that the bar against involuntary conversions of farmers from chapter 11 to chapter 7 did not apply because the debtors did not qualify as farmers under § 101(19)[2] since less than 80% of their income for the taxable year preceding their bankruptcy was from farming.

We considered the debtors' appeal of the conversion order in a prior appeal, BAP No. MT–89–1501–VJP, affirming the bankruptcy court in a memorandum decision filed on October 25, 1989. The debtors moved for reconsideration, but the motion was both untimely and meritless, and we denied the motion on its merits.

The debtors have now initiated this second appeal. The debtors are representing themselves without the assistance of counsel, and by and large their submissions are unintelligible. The notice of appeal identifies the appealed orders as orders entered on May 8, 9, and 19, 1989, in an adversary proceeding pending in their bankruptcy case. In a supplemental pleading filed by the Reillys, they also request that we consider an order of the bankruptcy court entered on January 10, 1990, stating that the latter order pertains to the same subject matter as the previous three orders, and that the debtors filed a notice of appeal relating to that order on January 25 (which would not have been timely).

None of the appealed orders were included in the Reillys' excerpts of record, although we were able to obtain copies of them from the bankruptcy court. Nor were any other pleadings from the adversary proceeding included in the excerpts of record. The only information before us as to the nature of the adversary proceeding

---

1. Section references herein refer to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, unless otherwise specified.
   Section 1112(c) provides:
   The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer ... unless the debtor requests such conversion.

2. Section 101(19) provides:

"farmer" means ... person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person....

from which this appeal arose is the bankruptcy court's comment in one of the appealed orders describing the adversary proceeding as "an action ... by the Chapter 7 Trustee to seek turnover of funds which the Trustee contends are property of the estate."

In the May 8 order the bankruptcy court denied the debtors' motion to dismiss the adversary proceeding. The bankruptcy court denied the motion, noting that "[t]he Motion to Dismiss is not only untimely, but has no basis in law." The debtors have not provided copies of the complaint, answer, or motion to dismiss, nor do they discuss their contents or bases in their appellate briefing.

In the May 9 order, the bankruptcy court ordered the debtors to answer certain interrogatories propounded by the trustee, over the debtors' objection as to relevancy. The court stated that the objection "has no basis in law." The debtors have not provided copies of the interrogatories or their objection, nor do they discuss them in their brief.

In the May 19 order, the bankruptcy court did two things. First, it denied the debtors' Motion to Alter, Modify and/or Vacate Orders of May 8 and 9, 1989. Second, it enjoined the Reillys from filing any further pleadings in the Reilly's bankruptcy case "until further order of the Court." The court stated that the debtors' memorandum in support of their motion to alter, modify, or vacate was "incomprehensible and clearly frivolous." The court noted that in the memorandum, the debtors denied that they live or own property in the United States, after they had spent three years in a chapter 11 proceeding trying to reorganize their "former farm property located in Ravalli County, Montana, where both Debtors live and one Debtor works." The court then stated that "[i]n 26 years as a Bankruptcy Judge I have never experienced such blatant untruth and misrepresentation, or, giving the Debtors pro per the benefit of the doubt, such ignorance of fact or law." The court then enjoined the debtors from filing "any further pleadings in this case until further order of the Court," as a sanction under Bankruptcy Rule 9011, in order to prevent the court from being "further accosted by such frivolous pleadings." The order is unclear as to whether the Reillys are enjoined from filing pleadings in the adversary proceeding only, or in their entire bankruptcy case.

In the January 10 order, the bankruptcy court clarified that its May 19 order was intended to enjoin the debtors from filing any pleadings in their entire bankruptcy case, including any adversary proceeding therein. The court also stated that on the previous day, the debtors had "filed a 'Motion For Statis (sic) Hearing and Motion for Monthly Reports' detailing 27 irrelevant requests to the Trustee." The court reiterated that its injunction against the debtors was still in effect, struck the debtors' pleading and the scheduled hearing, and admonished the debtors to comply with the injunction or face a contempt certification.

The trustee, who was named as the appellee, has not filed a response or any other papers in this case. The bankruptcy court's rulings have little or no discussion of the facts. The debtors have provided virtually nothing in the way of a record, so given the incoherent nature of the debtors' brief, we know little of the facts underlying this appeal, other than those outlined above.

## DISCUSSION

### A. Conversion to Chapter 7

■ The debtors' appeal brief is a rambling discussion, much of which concerns the debtors' assertion that they are in fact farmers and therefore involuntary conversion from chapter 11 to chapter 7 was improper. To the extent the debtors' statements challenge the bankruptcy court's order converting the case from chapter 11 to chapter 7, those issues were the subject of a previous appeal in which we affirmed the bankruptcy court and denied the debtors' motion for a rehearing. The conversion order is therefore the law of the case, and insofar as the debtors' effort in this appeal is directed to that issue, it is frivolous.

## B. Denial of Dismissal Motion; Discovery Order

■ Insofar as the debtors appeal the bankruptcy court's May 8 order denying the debtors' motion to dismiss, and its May 9 order compelling discovery, the appealed orders are interlocutory. The debtors have not provided copies of the appealed orders nor the underlying complaint, answer, interrogatories, motions, or memoranda. Nor does the debtors' appeal brief address the substance of the discovery or dismissal motions. Effective review would be impossible, and we therefore decline to grant leave to appeal the foregoing orders.

## C. Motion for Reconsideration

■ The May 19 order (1) denied the debtors' Motion to Alter, Modify and/or Vacate the Orders of May 8 and 9, 1989, and (2) enjoined the debtors from filing any further pleadings in their bankruptcy case unless the court expressly authorizes such filing. Insofar as the May 19 order denies reconsideration of the May 8 and May 9 orders, its appeal is interlocutory for the reasons discussed above, and we decline to grant leave to appeal it. Again, the debtors have not supplied copies of the denied motion or the supporting memorandum, making effective review impossible.

## D. Injunction

■ Insofar as the May 19 order enjoins the debtors from filing further pleadings, a more difficult issue is presented. It has been widely held that the courts, including the bankruptcy courts, have the power to enjoin a party from filing pleadings when and to the extent necessary to protect themselves and other parties from the chaos and burdens of vexatious, duplicative, frivolous litigation. *See Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1034 (9th Cir.1985), *cert. denied,* 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986); *Cas-*

*tro v. United States,* 775 F.2d 399, 408–10 (1st Cir.1985); *In re Hartford Textile Corp.,* 681 F.2d 895, 897–98 (2nd Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir.1980); *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.1972), *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972); *In re Rugley,* 75 B.R. 94, 95–96 (Bankr.C. D.Cal.1987); *Zurkowsky v. Gov't Dev. Bank,* 52 B.R. 1007, 1013–14 (D.Puerto Rico 1985) (bankruptcy case); *see also Tripati v. Beaman,* 878 F.2d 351, 352, 353 (10th Cir.1989).[3] The issuance of such an injunction is in the trial court's discretion, *Cook v. Peter Kiewit,* 775 F.2d at 1034 (9th Cir.1985), but such injunctions may be imposed only in extreme circumstances, *see, e.g., Castro,* 775 F.2d at 408–09, and the scope of the injunction must be narrowly prescribed to fit the abuse that the court seeks to prevent, *see, eg., id.* at 410; *Tripati,* 878 F.2d at 353–54.

### 1. Offensive vs. Defensive Acts

■ In most of the cited cases, the courts enjoined litigants from filing pleadings, in either a pending or a new action, for the purpose of attempting to relitigate a claim or an issue that the court has already disposed of. *See, e.g., Cook v. Peter Kiewit,* 775 F.2d at 1034; *Hartford Textile,* 681 F.2d at 897; *Harrelson,* 613 F.2d at 116; *Ruderer,* 462 F.2d at 899; *Zurkowsky,* 52 B.R. at 1013–14; *see also Clinton v. United States,* 297 F.2d 899 (9th Cir.1961), *cert. denied,* 369 U.S. 856, 82 S.Ct. 944, 8 L.Ed.2d 14 (1962). Courts have also enjoined plaintiffs from filing additional pleadings in pending actions which lacked merit and were being prosecuted primarily for the purpose of harassment. *See, e.g., Castro,* 775 F.2d at 408; *Hartford Textile,* 681 F.2d at 897; *Zurkowsky,* 52 B.R. at 1013–14. In *Rugley,* the court

---

**3.** The bankruptcy court below issued its injunction under the authority of Bankruptcy Rule 9011. We are aware of no authority for the proposition that Rule 9011 authorizes such an injunction. The cited cases all authorize similar injunctions under the All Writs Act, 28 U.S.C. § 1651(a), which provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

enjoined a debtor from filing repeated bankruptcy petitions in an effort to delay indefinitely a pending foreclosure sale. 75 B.R. at 95–96.

In this case, however, the bankruptcy court's injunction would enjoin the Reillys from filing any pleadings in the pending turnover proceeding brought by the trustee against them. Thus rather than enjoining the Reillys from using the courts offensively to harass other parties by asserting or prosecuting meritless claims, the injunction in question here enjoins the Reillys from defending themselves against an unresolved claim against them.

### 2. Limitation of Injunction to Fit Abuse

The courts have limited such injunctions in a variety of ways to attempt to prevent further abuses by vexatious litigants without unduly restricting access to the courts. For example, in *Hartford Textile* the court specifically limited the injunction to allow the enjoined plaintiff to defend herself against claims asserted by any other party, "provided that such papers are addressed solely to the arguments presented in the application and do not contain irrelevant matter." 681 F.2d at 897. In *Rugley* the duration of the injunction was limited to six months, in order to give the foreclosing creditor time to complete the foreclosure. 75 B.R. at 95–96.

In *Pavilonis v. King*, the district court had enjoined a party from filing additional pleadings or new lawsuits without first obtaining permission from a district judge. 626 F.2d 1075, 1077 (1st Cir.1980), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). The First Circuit affirmed, interpreting the injunction to require only that the plaintiff "satisfy a district judge that her pleadings are sufficiently plain and definite" to satisfy the applicable rules and to warrant a response. *Id.* at 1079. In *Tripati*, the Tenth Circuit remanded for the bankruptcy court to modify the injunction in order to narrowly tailor it to the abuse that the court sought to prevent. 878 F.2d at 354.

Here, however, the bankruptcy court enjoined the debtors from filing any plead-

ings whatsoever. There is no expiration date specified. The debtors are left without the ability to defend themselves or to demonstrate to the court that a particular proposed pleading is necessary or meritorious.

### 3. Adequate Factual Basis to Justify Injunction

In virtually every case cited above, the court's decision to enjoin a party from filing additional pleadings is based on that party's extensive history of continually filing duplicative, meritless pleadings for the purpose of harassment or delay.

The Reillys do reargue whether their case should have been converted from chapter 11 to chapter 7, even though the bankruptcy court and the BAP already decided that issue, and the BAP entertained and denied the Reillys' motion for reconsideration. That issue is not, however, the issue formally designated on this appeal; and more significantly, it was not cited as the basis of the injunction at issue here. The bankruptcy court issued the injunction as a sanction against the Reillys for filing a false and incoherent motion to reconsider. From the Reillys' conduct before us and the quality of their pleadings, it appears likely that there may be additional facts supporting the court's ruling. But the bankruptcy court did not set them forth. The appellee has filed neither brief nor designation of record, and the Reillys' record on appeal is skeletal at best.

"Litigiousness alone will not support an injunction restricting filing activities." *Tripati*, 878 F.2d at 353 (10th Cir.1989) (citing decisions from the first, third, and eighth circuit courts of appeals). "However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Id.* (citing decisions from seven different circuit courts). The record before us contains no concrete evidence of any of the abuses that justified similar injunctions in the reported cases, namely continual filing of duplicative pleadings relitigating issues already decided by the courts.

## CONCLUSION

We appreciate the fact that the Reillys are pro se litigants and that as such they are to be accorded a certain degree of consideration by the courts. However, it is evident that they are prone to relitigating matters already decided. They persist in filing unintelligible and repetitive pleadings and other papers. The court has the power to enjoin a party from filing further pleadings both to protect other parties from harassment, and to protect itself from abuse and time-consuming frivolous litigation.

Nevertheless, the imposition of the injunction before us raises certain concerns. First, all of the injunctions approved in the reported cases enjoin a litigant from initiating or pursuing *offensive* litigation for the purpose of harassing other parties, whereas the injunction here would prevent the Reillys from *defending* themselves from the trustee's turnover action. Second, the injunction is not specifically tailored to fit the abuse that the bankruptcy court seeks to prevent. *See Tripati,* 878 F.2d at 354 (10th Cir.1989). Third, the record before us lacks the detailed factual basis found in the reported cases supporting the imposition of such injunctions, and explicitly required in at least one circuit. *Id.* The only fact explicitly alluded to by the bankruptcy court in issuing the injunction was the debtors' filing of a false and unintelligible pleading. None of the cases support the issuance of an injunction of this sort solely on that basis.

We therefore VACATE the injunction contained in the May 19, 1989 order, and REMAND to the bankruptcy court for further proceedings consistent with this opinion. In all other respects the bankruptcy court's orders of May 8, 9, and 19, 1989, are interlocutory and we decline to grant leave to appeal them. The January 10, 1990 order is not properly before us, nor is the order converting the debtors' case to chapter 7.

