# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-1896/3058

_____

| | | |
|---|---|---|
| Michael D. Van Deelen, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeals from the United States |
| City of Kansas City, Missouri; | * | District Court for the |
| Wayne Cauthen; John Franklin; | * | Western District of Missouri. |
| John Thigpen; Gail Roper; Richard | * | |
| Razniak, Beth Lacey; Rick Brisbin; | * | [UNPUBLISHED] |
| Roy Greenway; Patrick Reisenbichler; | * | |
| City of Kansas City, Missouri Human | * | |
| Resources Board; Joseph Moreland; | * | |
| Margaret Evans; Lawrence Franklin; | * | |
| John Doe, (1-10); Jane Doe, (1-10), | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 5, 2007
Filed: October 19, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Michael Van Deelen appeals the district court's[1] adverse judgment in his action brought under 42 U.S.C. § 1983 for alleged constitutional violations with regard to the termination of his employment with the City of Kansas City, Missouri, for violation of its residency requirement. Following careful review, we affirm the district court's grant of judgment for defendants on all of Van Deelen's claims based on the court's well-reasoned opinions. See 8th Cir. R. 47B.

Van Deelen also appeals the district court's order imposing sanctions for his conduct during trial of the matter. We affirm, but we modify the sanctions order. We find that the district court did not abuse its discretion in imposing the monetary sanction of $6,000. See Bass v. Gen. Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998) (standard of review of court's sanctions under inherent authority); MHC Investment Co. v. Racom Corp., 323 F.3d 620, 624 (8th Cir. 2003) (standard of review for sanctions under Fed. R. Civ. P. 11). After finding that Van Deelen had filed the lawsuit maliciously to vex and annoy the City, the court also enjoined Van Deelen from filing any future pro se litigation against the City, or its agents and employees, and ordered him to obtain counsel within 30 days in any pending litigation against the City or its agents and employees arising out of his termination or any related matter, or to dismiss the matter. While we agree with the district court that some filing restrictions were appropriate, see Ruderer v. United States, 462 F.2d 897, 899 (8th Cir. 1972) (per curiam), we modify the injunction to apply only to actions filed in federal district courts within this circuit. See Sieverding v. Colorado Bar Ass'n, 469 F.3d 1340, 1344-45 (10th Cir. 2006) (district court erred in placing filing restrictions on federal district courts outside Tenth Circuit, state courts, and courts of appeals).

_____

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.